T.C. Memo. 2007-315

UNITED STATES TAX COURT

STANLEY C. WOLCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4371-06, 4372-06.     Filed October 18, 2007.

P failed to file Federal income tax returns for
2000 and 2001 until after he was issued a notice of
deficiency for those taxable years.  R determined
deficiencies and additions to tax pursuant to secs.
6651(a)(1) and (2) and 6654(a), I.R.C.  P conceded the
deficiencies.

<u>Held</u>:  P is liable for the additions to tax
pursuant to secs. 6651(a)(1) and (2) and 6654(a),
I.R.C.

Stanley C. Wolcott, pro se.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  These consolidated cases are before the Court on petitions for judicial review of statutory notices of deficiency dated November 28, 2005.  After concessions,[1] the issues for decision are:

(1) Whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a) for the two taxable years at issue;[2] and

(2) whether the Court should impose a penalty under section 6673(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference.  At the time he filed his petitions, petitioner resided in Loudon, Tennessee.

Petitioner failed to file Federal income tax returns for the 2000 and 2001 taxable years until February 23, 2007.[3]  Petitioner

_____

[1] Petitioner has conceded the deficiencies, as increased in accordance with the computations of respondent's counsel, infra at 4, and at trial sought to discuss only his liability for the additions to tax and the sec. 6673(a)(1) penalty that respondent has asked the Court to impose.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue.

[3]  Petitioner also never filed a Federal income tax return
(continued...)

did not have any Federal income tax withheld and did not make any estimated tax payments for the 2000 and 2001 taxable years.

On November 28, 2005, respondent issued the aforementioned notices of deficiency in which, for petitioner's 2000 taxable year, respondent determined a Federal income tax deficiency in the amount of $2,014.20 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) in the amounts of $453.20, $503.55, and $107.60, respectively. For petitioner's 2001 taxable year, respondent determined a Federal income tax deficiency in the amount of $2,851 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) in the amounts of $641.48, $598.71,[4] and $113.94, respectively.

Petitioner then filed timely petitions with this Court. On February 23, 2007, shortly before trial, petitioner submitted to respondent's counsel Forms 1040, U.S. Individual Income Tax Return, for the 2000 and 2001 taxable years. Those joint returns included the income of petitioner's spouse. Respondent agreed with the filing status and income reported in those returns. Respondent then filed motions for leave to file amended answers

---

[3](...continued)
for 1999, which is relevant to his liability for an addition to tax under sec. 6654(a) for the 2000 taxable year.

[4] Respondent notes that the addition to tax under sec. 6651(a)(2) was only applied at 0.5 percent for the first 42 months after the return was due and that the addition to tax will continue to apply, not to exceed 25 percent in the aggregate.

to amended petitions out of time. Petitioner did not oppose either the motions or the amended answers. The Court then granted respondent's motions for leave, and the amended answers were filed reflecting recalculated and increased deficiencies and additions to tax for the 2000 and 2001 taxable years. The recalculated and increased deficiencies and additions to tax were as follows: For petitioner's 2000 taxable year, a Federal income tax deficiency in the amount of $4,444 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) in the amounts of $999.90, $1,111, and $239, respectively. For petitioner's 2001 taxable year, a Federal income tax deficiency in the amount of $5,389 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) in the amounts of $1,212.53, $1,131.69,[5] and $195, respectively.

Before trial, respondent filed a motion to consolidate these cases, which the Court granted on March 2, 2007. A trial was held on March 5, 2007, in Knoxville, Tennessee.

OPINION

I.  Respondent's Burden of Production

Under section 7491(c), respondent bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax. This means that respondent "must come forward with sufficient evidence indicating that it is

---

[5] See supra note 4.

appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon, for example, a showing of reasonable cause or substantial authority, the taxpayer bears the burden of "[coming] forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect." Id. at 447.

II.    Additions to Tax

Section 6651(a)(1) imposes an addition to tax of 5 percent per month or a fraction thereof up to a maximum of 25 percent for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. Section 6651(a)(2) imposes an addition to tax of 0.5 percent per month up to a maximum of 25 percent for failure to pay the amount of tax shown on a return. The two penalties combined, however, may not exceed 5 percent per month. See sec. 6651(c). Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer. That addition to tax is computed by reference to four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment". Sec. 6654(c)(1), (d)(1)(A). For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax

shown on the individual's return for the year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(A) and (B)(i) and (ii).

Respondent has satisfied his burden of production with respect to all three additions to tax. With respect to the section 6651(a)(1) addition to tax, respondent has satisfied his burden of production because, as the parties have stipulated, petitioner failed to file tax returns for the 2000 and 2001 taxable years until February 23, 2007.

Respondent has satisfied his burden of production with respect to the section 6651(a)(2) addition to tax because petitioner failed to pay his entire 2000 and 2001 tax liabilities as shown on the late returns that petitioner filed on February 23, 2007.[6]

Finally, respondent has satisfied his burden of production with respect to the section 6654(a) addition to tax because petitioner failed to file 2000 and 2001 Federal income tax returns until February 23, 2007, and made no estimated tax

---

[6] Mendes v. Commissioner, 121 T.C. 308, 324-325 (2003), which suggests that petitioner's late return is not considered a "return" for purposes of the addition to tax, is distinguishable because respondent filed amended answers to the amended petitions and because petitioner then stipulated the recalculated and increased tax deficiencies.

payments for the 2000 or 2001 taxable year. Because petitioner did not file a Federal income tax return for the preceding taxable years, 1999 and 2000, respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2000 and 2001. The Court also notes that petitioner does not fit within any of the exceptions listed in section 6654(e).[7]

At trial and in his briefs, petitioner challenges the additions to tax on the basis that Form 1040 does not comply with the Paperwork Reduction Act of 1995 (PRA), 44 U.S.C. secs. 3501-3520 (2000). This meritless argument and others like it have been rejected repeatedly by this Court and Federal Courts of Appeals. See Wheeler v. Commissioner, 127 T.C. 200, 208 (2006) ("The Paperwork Reduction Act is not a defense to the addition to tax under section 6651(a)(1), nor does it create a loophole in

---

[7] Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax. First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000. Sec. 6654(e)(1). Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States. Sec. 6654(e)(2). In light of our earlier conclusion regarding petitioner's 2000 and 2001 deficiencies, petitioner is liable for deficiencies for 2000 and 2001 that net of withholding exceed $1,000. Furthermore, in light of our earlier conclusion regarding petitioner's liability for a deficiency for 2000, it has not been shown that petitioner had no tax liability in 2000. Because petitioner never filed a Federal income tax return for 1999, it has not been shown that he had no tax liability for that year.

the Code."); <u>Dodge v. Commissioner</u>, T.C. Memo. 2007-236 (finding that petitioner was "incorrect" insofar as he argued that respondent could not impose additions to tax pursuant to sections 6651(a)(1) and 6654(a) because Form 1040 does not comply with the PRA); see also <u>Salberg v. United States</u>, 969 F.2d 379, 384 (7th Cir. 1992) ("Statutes are not subject to the PRA and, as the government points out in its brief, every court that has considered the argument that the regulations and the instruction books promulgated by the IRS are within the scope of the PRA has rejected it."); <u>United States v. Dawes</u>, 951 F.2d 1189, 1193 (10th Cir. 1991) ("Congress enacted the PRA to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code."); <u>United States v. Hicks</u>, 947 F.2d 1356, 1359 (9th Cir. 1991) ("But even assuming without deciding that the IRS failed to comply with the PRA here, its failure does not prevent Hicks from being penalized.").[8]

---

[8] Petitioner relies heavily on the Court of Appeals for the Tenth Circuit's unpublished decision in <u>Pond v. Commissioner</u>, 211 Fed. Appx. 749 (10th Cir. 2007), affg. T.C. Memo. 2005-255, in support of his argument regarding the PRA. An appeal in this case would normally lie in the Court of Appeals for the Sixth Circuit, absent a stipulation to the contrary. The Court of Appeals for the Tenth Circuit, in <u>Pond</u>, never reached the merits of the taxpayer's argument because the taxpayer did not include any of the Form 1040 in the record for the Court of Appeals for the Tenth Circuit to review. See <u>id.</u> at 752 n.2. Moreover, the Court of Appeals for the Tenth Circuit noted that "while the [Form] 1040 is an information request, it might be excepted from the provisions of * * * [the PRA, 44 U.S.C. sec. 3512] under the statutory origin theory discussed but neither adopted nor

(continued...)

Accordingly, the Court concludes that petitioner is liable for the section 6651(a)(1) and (2) and section 6654(a) additions to tax for his 2000 and 2001 taxable years.

## III. Section 6673(a)(1) Penalty

Respondent, in his pretrial memorandum and on brief, has asked the Court to impose a penalty under section 6673(a)(1). Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Because the Court has already classified arguments regarding the PRA as frivolous and as tax-protester arguments, petitioner should have known of the frivolous nature of his position in this case. See, e.g., Andreas v. Commissioner, T.C. Memo. 1993-551 (characterizing as frivolous an argument that Commissioner's

_____

[8](...continued)
rejected in *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10th Cir. 1991)." Id. Finally, we have already rejected reliance on Pond for the proposition that 1995 amendments to 44 U.S.C. sec. 3512 should alter the manner in which we view arguments based on the PRA. See Pate v. Commissioner, T.C. Memo. 2007-132.

alleged failure to comply with the PRA may bar the assessment and collection of Federal income tax); <u>Aldrich v. Commissioner</u>, T.C. Memo. 1993-290; <u>McDougall v. Commissioner</u>, T.C. Memo. 1992-683, affd. without published opinion 15 F.3d 1087 (9th Cir. 1993). Nevertheless, in light of the newness at the time of trial in this case of the Tenth Circuit's decision in <u>Pond v. Commissioner</u>, 211 Fed. Appx. 749 (10th Cir. 2007), affg. T.C. Memo. 2005-255, which petitioner appears to have misunderstood, we shall exercise great restraint and shall not this time impose a penalty under section 6673(a)(1).  Petitioner is warned, however, that we shall not be so inclined should he again advance before the Court arguments, incorrectly relying on <u>Pond v. Commissioner</u>, <u>supra</u>, as frivolous as those advanced in these cases.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Appropriate decisions</u>

<u>will be entered</u>.