**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 4, 2007**

**TENTH CIRCUIT**

STEVEN W. POND,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 06-9002

(United States Tax Court)

(CIR No. 10911-03)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Steven W. Pond failed to file federal income tax returns or pay estimated taxes from 1995 to 2001. The Commissioner of Internal Revenue assessed Pond for his deficiencies in each of those years and charged him additional penalties pursuant to 26 U.S.C. §§ 6654 and 6651(a)(1). The Tax Court upheld those

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

assessments.  Pond, proceeding *pro se*, disputes the penalties.  He argues 1) the 1040 Form (1040) issued by the Internal Revenue Service (IRS) fails to comply with the Paperwork Reduction Act of 1995, and 2) without a numerical value for the "exemption amount" provided by 26 U.S.C. § 6012(a)(1)(A), there is no requirement to file an income tax return.

Our jurisdiction to answer these questions arises under 26 U.S.C. § 7482(a)(1).  As copies of 1040s from the relevant years were not included in the record for our review, Pond provides insufficient support for his first contention; it is therefore denied.   Moreover, we reject his second contention, and AFFIRM the Tax Court.

## I.  Background

Steven Pond has operated a helicopter repair and maintenance company since 1980.  From 1995 to 2001, he failed to file any federal income tax returns and did not pay any estimated taxes despite grossing in excess of $65,000 each year.  On April 8, 2003, the IRS issued three notices of deficiency for the periods running 1995 to 1997, 1998 to 2000, and 2001.   In its three notices, the IRS determined that Pond had failed to report any income from 1995 to 2001 and was liable for penalties under 26 U.S.C. § 6651(f), or alternatively §§ 6651(a)(1), and 6654.

On July 8, 2003, Pond petitioned the Tax Court for relief.  The Tax Court rejected the penalties assessed by the Commissioner for Pond's fraudulent failure

to pay estimated tax, per 26 U.S.C. § 6654, because it determined Pond never intended to defraud the government. That finding is not challenged on appeal. The Tax Court upheld the Commissioner's assessment of penalties under §§ 6651(a)(1) and 6654 for Pond's failure to file returns and failure to pay estimated tax.

Pond challenges the U.S. Tax Court ruling on two bases. First, he asserts the 1040 issued by the IRS does not comply with the Paperwork Reduction Act of 1995, and therefore he cannot be assessed penalties because he is protected by the Act's self-help provision found at 44 U.S.C. § 3512. Second, he insists that § 6012(a)(1) only requires the filing of a federal tax return when gross income equals or exceeds the "exemption amount" and he therefore does not have to file because allegedly no specific "exemption amount" was defined by the Internal Revenue Code.

## II. Discussion

We review the Tax Court's conclusions of law *de novo* and its factual findings for clear error. *Jackson v. Commissioner*, 864 F.2d 1521 (10th Cir. 1989).

### A. Paperwork Reduction Act of 1995 and the 1040 Form

The Paperwork Reduction Act was passed in 1980 with the hope of rendering federal requirements on small businesses less burdensome. To aid small

businesses in responding to governmental requests for information, the 1995 amended version of the Act includes a self-help provision:

> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if –
>
> (1) the collection of information does not display a valid control number assigned by the Director in accordance with this subchapter;[1] or
> (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.
>
> (b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto.

44 U.S.C. § 3512.

Pond suggests that he cannot be penalized for failing to file the 1040, because the 1040 is a collection of information covered by the Paperwork Reduction Act. He contends the 1040 bears neither of the items required by the Act: 1) a valid control number assigned by the Office of Management and Budget (OMB), or 2) proper notice that a person is not required to respond unless a valid control number is displayed. The Tax Court found Pond's arguments frivolous, addressed neither argument, and threatened him with future sanctions for bringing similarly frivolous arguments in subsequent proceedings.

---

[1] The Director in question is the Director of the Office of Management and Budget.

The Supreme Court, however, has made clear that tax forms such as the 1040 are information collection requests within the meaning of the Act. *Dole v. United Steelworkers of America*, 494 U.S. 26, 33 (1990) ("Typical information collection requests include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records. These information requests share at least one characteristic: The information requested is provided to a federal agency, either directly or indirectly.") (internal citations omitted); *see United States v. Collins*, 920 F.2d 619, 630 n.12 (10th Cir. 1990). Therefore, we need to ask whether the 1040 is excepted from the two requirements set out above in 44 U.S.C. § 3512[2] and, if not, whether the 1040 complies with those requirements.

But Pond did not include any of the 1040 that he challenges in the record for us to review, so we cannot address his arguments. With no support in the record for his petition of relief, we must deny his claim.

B. *Specific Exemption Amount*

Every individual with gross income equaling or exceeding the "exemption amount" is required to file a federal income tax return. 26 U.S.C. § 6012(a)(1). The relevant exemption amount is defined by 26 U.S.C. § 151(d). 26 U.S.C. §

---

[2] For instance, while the 1040 is an information request, it might be excepted from the provisions of § 3512 under the statutory origin theory discussed but neither adopted nor rejected in *United States v. Dawes*, 951 F.2d 1189, 1191–92 (10th Cir. 1991).

6012(a)(1)(D)(ii). Pond argues the lack of a specific amount designated by § 151(d) prevents penalizing him for non-compliance as it is unclear whether his income exceeds the necessary threshold for mandatory filing.

Pond is mistaken: the Internal Revenue Code provides a specific amount. The exemption amount is generally defined as $2,000. 26 U.S.C. § 151(d). This general exemption amount is then modified by a cost-of-living adjustment as provided for by the Code's reference to the Consumer Price Index at 26 U.S.C. § 1(f)(3)–(6). The Code's provision of a specific number and statutory formula for adjusting that number defies Pond's contention that the exemption amount is inadequately defined for him to be penalized for noncompliance. We reject his argument.

### III. Conclusion

For the foregoing reasons, we AFFIRM the Tax Court and order Pond to pay the taxes and additions assessed against him.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge