T.C. Memo. 2007-132

UNITED STATES TAX COURT

RICHARD N. PATE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13649-06L.                Filed May 29, 2007.

Richard N. Pate, pro se.

<u>Elke B. Esbjornson</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before the Court on

respondent's motion for summary judgment and to impose a penalty

under section 6673.[1]

---

[1] Unless otherwise indicated, all section references are to

                                        (continued...)

## Background

The record reveals or the parties do not dispute the following:

Petitioner failed to file a Federal income tax return for 2003. By notice of deficiency dated June 7, 2005, respondent determined a deficiency in petitioner's 2003 tax on the basis of a substitute for return that respondent prepared; in the notice, respondent also determined that petitioner was liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a). Petitioner received the notice of deficiency but did not petition the Tax Court with respect to it.

On October 24, 2005, respondent assessed petitioner's 2003 tax and additions thereto and issued him a notice of balance due and demand for payment. On January 30, 2006, respondent mailed petitioner a Notice of Intent to Levy and Notice of Your Right to Hearing for 2003 as required under sections 6330 and 6331. On

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Except in limited circumstances not relevant here, Rule 54 generally requires motions to be separately stated and not joined together; we have permitted this joined motion to be filed in the interests of judicial administration. See Stewart v. Commissioner, 127 T.C. 109, 111 n.2 (2006). The Court has proposed amending Rule 54 to clarify that motions should not be joined together "Unless otherwise permitted by the Court". Press Release dated Jan. 16, 2007, p. 22.

February 21, 2006, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, raising frivolous and meritless arguments.

By letter dated May 18, 2006, respondent's Appeals settlement officer advised petitioner that a telephonic hearing was scheduled for June 8, 2006.  The letter advised petitioner that he would be allowed a face-to-face hearing on any relevant, nonfrivolous issue, if petitioner responded within 14 days describing such an issue.  The letter also advised that if petitioner desired to pursue collection alternatives, he should provide specified materials, including petitioner's unfiled income tax returns for 1997, 2004, and 2005.

By facsimile transmission on June 8, 2006, petitioner declined the telephonic hearing, demanding a face-to-face hearing but providing no information about relevant issues.

By notice of determination dated June 15, 2006, respondent's Appeals Office sustained the proposed levy.  As part of this determination, the Appeals settlement officer reviewed a TXMODA computer transcript to verify that the assessments for petitioner's 2003 taxes were properly accomplished and that notice and demand for payment had been issued to petitioner on the date of assessment.

On July 17, 2006, while residing in Justin, Texas, petitioner filed his petition. In the petition, the assignment of error states in its entirety:

> Set aside the notice of determination on the grounds the Appeals Officer failed to verify the requirements of all applicable law or administrative procedure were met in determining the liability, thus creating an abuse of discretion. Specifically, Respondent ignored the requirements at IRC 6012 & 151(d) and the Paperwork Reduction Act of 1995. Petitioner has not been presented with a proper information collection request displaying a currently valid OMB control number, and the exemption amount is unspecified in law. There are multiple violations of the 1995 PRA bearing upon the making of a return, and Respondent ignores the 1995 Act while adhering to the 1980 Act.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner,

79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Petitioner contends that respondent's Form 1040, U.S. Individual Income Tax Return, fails to display a valid Office of Management and Budget (OMB) number as required by the Paperwork Reduction Act of 1995 (PRA), 44 U.S.C. sections 3501-3520 (2000). Consequently, petitioner contends, the Court should set aside the notice of determination, because the Appeals settlement officer did not verify that the requirements of the PRA had been satisfied.[2] Petitioner's contention is without merit.

Section 6330(c)(1) requires, in the case of any hearing conducted with respect to a proposed collection action, that the Appeals officer "obtain verification from the Secretary that the

---

[2] In his response to respondent's motion for summary judgment, petitioner does not renew the argument, alluded to in his petition, that he is entitled to relief because the "exemption amount is unspecified in law". We deem petitioner to have abandoned any such argument. In any event, insofar as we are able to discern from the petition, it would appear that in making this assignment of error petitioner sought to associate himself with the recurring tax-protester argument that sec. 151(d) inadequately defines the exemption amount to permit a taxpayer to be penalized for noncompliance. Such an argument is frivolous. See, e.g., Pond v. Commissioner, T.C. Memo. 2005-255, affd. 211 Fed. Appx. 749 (10th Cir. 2007).

requirements of any applicable law or administrative procedure have been met."  Explaining this provision, the legislative history states:  "the IRS is required to verify that all statutory, regulatory, and administrative requirements <u>for the proposed collection action</u> have been met."  H. Conf. Rept. 105-599, at 264 (1998), 1998-3 C.B. 747, 1018 (emphasis added); see <u>Greene-Thapedi v. Commissioner</u>, 126 T.C. 1, 6 (2006).  Consistent with this explanation, this and other Courts have repeatedly and consistently construed the verification requirement to be met where the Appeals officer secured formal or informal transcripts showing that the taxes were properly assessed and that the taxpayer had been properly notified of those assessments.  See <u>Cox v. Commissioner</u>, 126 T.C. 237, 255 (2006) (and cases cited therein); see also <u>Jones v. Commissioner</u>, 338 F.3d 463 (5th Cir. 2003) (the verification requirement was satisfied where an Appeals officer referred to a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to determine that the IRS had followed legal and administrative procedures); <u>Roberts v. Commissioner</u>, 329 F.3d 1224, 1228 (11th Cir. 2003) (Form 4340 provides prima facie evidence that the IRS has complied with its statutory duties), affg. 118 T.C. 365 (2002). In particular, it has been repeatedly held that the requirements of all applicable laws and administrative procedures were met as

required by section 6330(c)(1) where the Appeals officer obtained and reviewed a so-called TXMODA computer-generated transcript to verify that assessments were properly made and that notice and demand for payment had been issued to the taxpayer on the date of assessment. See, e.g., Harp v. Commissioner, T.C. Memo. 2007-83; Kubon v. Commissioner, T.C. Memo. 2005-71; Tornichio v. Commissioner, T.C. Memo. 2002-291; Schroeder v. Commissioner, T.C. Memo. 2002-190; Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003).

Petitioner does not dispute that the Appeals settlement officer reviewed a TXMODA computer transcript to verify that the assessments for petitioner's 2003 taxes were properly made and that notice and demand for payment was issued to petitioner on the date of assessment. Petitioner has not alleged, and the record does not suggest, any irregularity in the assessment procedure. We conclude that the Appeals settlement officer properly verified that the requirements of applicable laws and administrative procedures had been met, as required by section 6330(c)(1).

In his objection to respondent's motion for summary judgment, petitioner acknowledges that he "did not challenge the underlying liability at the time of the petition". Petitioner now urges, however, that his underlying liability for a tax

deficiency should be redetermined on the basis of a return he alleges to have recently submitted; he also urges that additions to tax should be abated because respondent has failed to show that Form 1040 complies with the PRA. These late-raised issues are not properly before the Court for decision. See <u>Bartschi v. Commissioner</u>, T.C. Memo. 2002-268. More fundamentally, because petitioner received a statutory notice of deficiency with respect to 2003 but failed to petition this Court to redetermine the deficiency, petitioner is not entitled to challenge his underlying tax liability in this collection proceeding. See sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

In any event, petitioner's argument that the PRA may in some manner negate statutory penalties for failure to file tax returns and pay taxes is without merit. Because the requirement to file tax returns and the imposition of penalties for failing to do so represents a "legislative command, not an administrative request", the PRA provides no "escape hatch" from penalties for failing to file tax returns. <u>United States v. Hicks</u>, 947 F.2d 1356, 1359 (9th Cir. 1991);[3] accord <u>James v. United States</u>, 970

---

[3] <u>United States v. Hicks</u>, 947 F.2d 1356 (9th Cir. 1991), involved a criminal conviction for willful failure to file tax returns. In an unpublished opinion, the Court of Appeals for the Ninth Circuit held that the reasoning in <u>Hicks</u> applied equally to a case involving civil penalties for failure to file returns, pay income tax, and pay estimated taxes. <u>Beam v. Commissioner</u>, 1992

(continued...)

F.2d 750, 753 n.6 (10th Cir. 1992) ("lack of an OMB number on IRS notices and forms does not violate" the PRA) (citing United States v. Hicks, supra); Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990); Wheeler v. Commissioner, 127 T.C. 200, 208 (2006) ("The Paperwork Reduction Act is not a defense to the addition to tax under section 6651(a)(1), nor does it create a loophole in the Code"); Aldrich v. Commissioner, T.C. Memo. 1993-290 (and cases cited therein).

Citing dicta in the unpublished, nonprecedential opinion of Pond v. Commissioner, 211 Fed. Appx. 749 (10th Cir. 2007), affg. T.C. Memo. 2005-255, petitioner suggests that 1995 amendments to the PRA call into question these well-established judicial precedents.  Petitioner has identified, however, and we have discovered nothing in the 1995 amendments to the PRA to suggest that they had this purpose or effect.[4]

_____

[3](...continued)
U.S. App. LEXIS 4237 (9th Cir. 1992), affg. T.C. Memo. 1990-304 and Warden v. Commissioner, T.C. Memo. 1990-321.

[4] Although his contentions are vague, it appears that petitioner may be alluding in part to 1995 amendments to 44 U.S.C. sec. 3512, which now provides in part:  "Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter" if certain requirements of
(continued...)

On the basis of our review of the record, we conclude that there is no genuine dispute as to a material fact. Petitioner has failed to make a valid challenge to the appropriateness of respondent's intended collection action or offer alternative means of collection. In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law and sustain respondent's collection actions.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty no greater than $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Although we do not impose a section 6673 penalty

---

[4](...continued)
the PRA are not met. This provision, however, was merely a recodification of a similar provision that had been contained in 44 U.S.C. sec. 3512 since the inception of the PRA in 1980; the 1995 amendments clarified the time and manner in which a 44 U.S.C. sec. 3512 defense could be asserted, and made other clarifying changes, but did not fundamentally alter the scope or purposes of this provision. See H. Conf. Rept. 104-99 at 36 (1995), reprinted at 1995 U.S.C.C.A.N. at 248-249; H. Rept. 104-37, at 53 (1995), reprinted at 1995 U.S.C.C.A.N 164, 216 ("The intended scope, purposes, and requirements of section 3512's current provisions on public enforcement of the Act's information collection clearance requirements are unchanged."). As previously discussed, numerous judicial precedents have consistently construed 44 U.S.C. sec. 3512 as offering no protection from statutory penalties for failure to pay taxes and file tax returns; nothing in the 1995 amendments suggests any different result.

today, we strongly caution petitioner that should he continue to press frivolous and groundless arguments on this Court in the future, the Court may impose, even upon its own motion, a section 6673 penalty up to the $25,000 maximum allowable amount.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.