FILED
United States Court of Appeals
Tenth Circuit

**April 29, 2008**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT A. LEWIS,

    Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent-Appellee.

No. 07-9006

**APPEAL FROM THE UNITED STATES TAX COURT**
**(Tax Court No. 16903-05)**

Submitted on the briefs[*]

Scott A. Lewis, pro se, Denver, Colorado.

Richard T. Morrison, Acting Assistant Attorney General, Francesca U. Tamami, Attorney, and Patrick J. Urda, Attorney, Tax Division, Department of Justice, Washington, D.C.

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Scott A. Lewis failed to pay federal income taxes for the year 2003. The Commissioner of Internal Revenue (CIR) assessed Lewis for his deficiency and charged him with additional penalties for failure to file a timely return, failure to timely pay the amount of tax shown on a federal income tax return, and underpayment of estimated income tax.

Proceeding pro se[1] in the Tax Court Lewis challenged the CIR's assessments by arguing that IRS Form 1040 did not comply with the Paperwork Reduction Act of 1995, 44 U.S.C. §§ 3501, *et seq.* (PRA). Specifically, he argued Form 1040 violated the PRA because it did not have a proper Office of Management and Budget (OMB) control number, as required by the Act.

The Tax Court rejected this argument, as do we. Lewis timely appealed the Tax Court's decision, raising the same PRA arguments. Having jurisdiction under 26 U.S.C. § 7482(a)(1), we AFFIRM the Tax Court's decision.

## I. BACKGROUND

After Lewis failed to pay federal income taxes for the year 2003, the CIR issued Lewis a notice of deficiency in the amount of $9,619. The CIR calculated Lewis's deficiency by using a substitute return for the year 2003, in accordance

---

[1] Because Lewis proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

with 26 U.S.C. § 6020(b). The CIR based the deficiency on the amount of Lewis's income that had been reported to the IRS by third parties and on the allowance of a standard deduction and one personal exemption.

Lewis filed a petition for redetermination in the Tax Court, claiming the CIR violated the PRA when assessing his tax deficiency and penalties. Lewis argued Form 1040 did not comply with the PRA because "the OMB #1545-0074 is both expired and invalid," and he therefore cannot be assessed penalties for failure to comply with the form. R. Doc. 1, ¶ 17; *see* 44 U.S.C. § 3512. The PRA has a public liability provision stating, "[n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information . . . if the collection of information does not display a valid control number." 44 U.S.C. § 3512(a). Because Lewis contends Form 1040 violates the PRA, he claims the PRA protects him against penalties assessed for failure to provide information on a Form 1040. The Tax Court struck Lewis's PRA arguments as frivolous.

After a bench trial, the Tax Court found Lewis liable for a tax deficiency of $9,619 for tax year 2003 as well as penalties of $2,164.23 under § 6651(a)(1) for failure to file a tax return, and $248.21 under § 6654(a) for failure to pay estimated income tax. The court ruled in Lewis's favor on the CIR's assessment under § 6651(a)(2) for failure to pay the amount shown on a federal income tax return when due, because the CIR presented insufficient evidence on that claim.

The Tax Court also sanctioned Lewis $2,000 under § 6673 for making frivolous arguments.

Lewis timely appealed to this court, raising the PRA arguments.[2]

## II. ANALYSIS

We review the Tax Court's conclusions of law *de novo* and its factual findings for clear error. *Cox v. C.I.R.*, 514 F.3d 1119, 1123 (10th Cir. 2008). Tax Court sanctions are reviewed for an abuse of discretion. *Fox v. Commissioner*, 969 F.2d 951, 953 (10th Cir. 1992). Challenging both the deficiency and sanctions, Lewis argues the CIR violated the PRA by not displaying a valid OMB control number, including an expiration date, on Form 1040. First we look to the deficiency and then review the imposition of sanctions.

*A. The Paperwork Reduction Act*

The PRA was passed in 1980 with the hope of making paperwork requirements on small businesses and individuals less burdensome. *See United States v. Dawes*, 951 F.2d 1189, 1191 (10th Cir. 1991). Congress substantially amended the PRA in 1995. The current version of the PRA includes a provision

---

[2] To the extent Lewis raises other arguments not related to the PRA, we have reviewed them and they are rejected for the same reasons given by the Tax Court. We do note that at times Lewis appears to conflate his PRA argument with a due process argument, claiming the "Tax Court created an abuse of due process by ignoring [Lewis's] Paperwork Reduction Act claims in regard to the 1040 form." Br. at 7. The Tax Court correctly rejected this argument along with others raised.

limiting personal liability for failure to comply with any collection of information when (1) the information collection device does not include a "valid control number assigned by the [OMB]," or when (2) "the agency fails to inform the person . . . that such person is not required to respond to the collection of information unless it displays a valid control number."  44 U.S.C. § 3512.

Lewis contends he cannot be penalized for failing to file a Form 1040 for his 2003 taxes for three reasons: (1) "the 1040 has displayed the same, worn-out, OMB number since January, 1981, OMB #1545-0074 . . . [s]ince the number is to expire three [] years after it is issued, the number 1545-0074 would have expired after its usage in 1983,"  Br. at 19, (2) Form 1040 "does not display any appropriate expiration date,"  Br. at 20, and (3) Form 1040 does not include disclosure information as required by the PRA.  The Tax Court found Lewis's arguments to be frivolous, addressed none of the arguments, and imposed sanctions.

We reach Lewis's specific PRA arguments to clarify that Form 1040 complies with the PRA.  Prompted in part because these PRA arguments continue to be raised,[3] this discussion clarifies how the PRA and the Tenth Circuit precedent discussing the PRA do not support any viable claims against the

---

[3] *See, e.g.*, *Wheeler v. CIR*, No. 07-9005, 2008 WL 962886, (10th Cir. April 10, 2008) (summarily affirming a Tax Court decision which rejected, among other arguments, a Paperwork Reduction Act argument as frivolous).

imposition of tax liability.[4]  Tax forms, such as Form 1040, are information

collection requests within the meaning of the PRA.  *Dole v. United Steelworkers of

America*, 494 U.S. 26, 33 (1990) ("Typical information collection requests include

tax forms. . . .") (internal citation omitted); *see also United States v. Collins*, 920

F.2d 619, 630 n.12 (10th Cir. 1990) (same).  Lewis correctly highlights how the

PRA applies to tax forms, such as Form 1040.[5]

Lewis focuses his PRA contentions on the required display of a valid control

number on all information collection devices.  *See* § 3506(c)(1)(B)(i) (each

information collection request must "display[] a control number and, if

---

[4]  To support his PRA claim Lewis attempts to rely on a recent unpublished
decision *Pond v. CIR*, 211 F. App'x 749 (10th Cir. 2007).  Even though
unpublished decisions are of no precedential value in this court, we are aware of
several misguided attempts to rely on this particular decision and thus, offer a
brief clarification.  In *Pond*, we recognized the PRA as applying to Form 1040,
but declined to address the argument that the form violated the PRA because the
defendant had not included any of the forms in the record.  *Id*. at 752; *see also
United States v. Dawes*, 951 F.2d 1189, 1192 (10th Cir. 1991).  Lewis misreads
that decision, claiming it states that "an argument based upon the PRA cannot be
called 'frivolous' and dismissed without consideration."  Br. at 11.  The
unpublished decision said no such thing, and even affirmed the district court's
dismissal of the PRA claims as frivolous, while acknowledging that the PRA
applies to Form 1040.  *Pond*, 211 F. App'x at 752.

[5]  Lewis also points to a recent decision as supporting a PRA challenge to
Form 1040. *United States v. Chisum*, 502 F.3d 1237 (10th Cir. 2007).  However,
that decision rejected a defendant's reliance on the PRA when the underlying
conviction was for criminal tax evasion for filing false tax information. In the
context of rejecting that PRA challenge, we observed, "the PRA protects a person
only 'for failing to file information.  It does not protect one who files information
which is false.'"  *Id.* at 1244 (quoting *Collins*, 920 F.2d at 630 n.13).  This
statement should not be read to support an argument that the PRA ultimately
protects individuals who fail to file tax information.

-6-

appropriate, an expiration date"). Lewis concedes Form 1040 displays an OMB

control number, and he does not challenge the IRS instruction booklet which

accompanies Form 1040.[6] Rather, Lewis focuses his arguments on the validity of

the control number that is displayed, the lack of an expiration date, and the lack of

disclosure material printed on Form 1040.

While inventive, these arguments are unavailing.

*(1) Form 1040 displays a valid OMB control number*

Lewis points out how Form 1040 has used the same OMB control number

since 1981 (#1545-0074), and claims the number expires three "years after it is

issued," so the number on the form would have expired after its usage in 1983.

Br. at 19. He fails to point out, however, any evidence the OMB control number

has expired. As the Seventh Circuit recently explained,

> That this number [OMB #1545-0074] has been constant since 1981
> does not imply that OMB has shirked its duty. Section 3507 requires
> periodic review, not a periodic change in control numbers. . . . The
> control number on Form 1040 appears on OMB's web site as a
> current, valid number; if this is wrong, it takes more than a lawyer's
> say-so to establish the proposition.

---

[6] Because Lewis does not challenge the instruction booklet, *Dawes* does not support or detract from his challenge. *Dawes*, 951 F.2d at 1192 (rejecting argument that tax regulations and instructions must contain OMB control numbers, albeit noting in passing that "[t]he 1040 form [and not the instruction manual] is the information collection request which arguably must comply with the PRA").

*United States v. Patridge*, 507 F.3d 1092, 1094–95 (7th Cir. 2007).[7] In fact, the

agency has complied with the PRA by periodically updating the expiration date

applicable to IRS Form 1040.[8]

Accordingly, we conclude Form 1040 displays a valid control number.

*(2) An expiration date does not need to be printed on Form 1040*

Next, Lewis contends the PRA requires the printing of an expiration date on

Form 1040. However, according to the statute, an expiration date is only required

on a form *if appropriate*. § 3506(c)(1)(B) ("[E]nsure that each information

collection—(i) is inventoried, displays a control number and, *if appropriate*, an

expiration date.") (emphasis added). As the OMB explains in its rule making

notice in the Federal Register,

> [The] OMB recognizes . . . that under some circumstances display of
> the expiration date would not serve any useful purpose and might
> instead create confusion and unnecessary cost to the public. An
> example would be an annually revised Form, *such as a tax form*,
> which applies to transactions within a particular year but which may
> be filed during many years. The regulation provides for appropriate
> treatment of such exceptional cases.

---

[7] *See also* OMB Control Number History,
http://www.reginfo.gov/public/do/PRAOMBHistory?ombControlNumber=1545-00
74 (last visited April 15, 2008).

[8] The OMB website confirms the validity and expiration date of the OMB
control number printed on Form 1040. As the control number history reveals,
OMB #1545-0074 has been frequently reviewed pursuant to the PRA, and the
OMB has simply continued to assign the same number to Form 1040 while
updating the expiration date. *See* OMB Control Number History,
http://www.reginfo.gov/public/do/PRAOMBHistory?ombControlNumber=1545-00
74 (last visited April 15, 2008).

Controlling Paperwork Burdens on the Public, 48 Fed. Reg. 13666, 13676 (March 31, 1983) (codified at 5 C.F.R. § 1320) (emphasis added); *see also United States v. Burdett*, 768 F. Supp. 409, 411–12 (E.D.N.Y. 1991). While there must be an expiration date for the OMB control number the PRA does not require the expiration date to be printed on all information collection devices.

In support of his expiration date argument Lewis invokes *United States v. Collins*, 920 F.2d 619 (10th Cir. 1990). But *Collins* was decided before the PRA was amended in 1995 and is ultimately unpersuasive. In *Collins*, the defendant challenged the omission of an expiration date on Form 1040, while conceding the presence of OMB control numbers on the form, much like Lewis does. After determining that no expiration date is required by the 1980 version of the PRA, we concluded the tax-year designation printed on Form 1040 would satisfy any expiration date requirement. *Collins* does not support a requirement for printing an expiration date under the 1995 version of the PRA, it merely discussed how any potential expiration date requirement under the 1980 PRA could be satisfied. We hold the current version of the PRA does not require any expiration date to be printed on Form 1040.

*(3) Form 1040 need not include PRA disclosures*

Finally, Lewis argues Form 1040 must display not only an OMB control number, with expiration date, but also a disclaimer satisfying the requirements of

-9-

the PRA which describe a citizen's liability protection under the Act. *See*

§ 3506(c)(1)(B)(iii). This argument is also faulty.

As the statute plainly states, the PRA does not expressly require each form

requesting information to include the disclaimer language of § 3506(c)(1)(B)(iii)

on the form itself. Rather, the agency must satisfy the disclosure requirement:

> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if—
>
> > (1) *the collection of information* does not display a valid control number assigned by the Director in accordance with this subchapter; or
> >
> > (2) *the agency* fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

44 U.S.C. § 3512(a) (emphasis added). The IRS, an agency, satisfies this

obligation by making these disclosures in the instruction booklet associated with

Form 1040. We reject Lewis's argument that Form 1040 itself, not the associated

instructions, must display PRA disclosure information.

\* \* \*

In sum, Lewis's arguments have no merit and cannot be supported by case

law. We hold that Form 1040 satisfies the PRA requirements, OMB #1545-0074 is

currently valid, as it has been since 1981, the PRA does not require an expiration

-10-

date to be printed on any tax information collection forms, and the PRA does not require disclosure information to be printed on Form 1040.

### B. Sanctions for frivolous arguments

Lewis contends his PRA arguments were not frivolous and he should not be sanctioned for asserting them, both at the Tax Court and on appeal. The CIR is asking this court to impose an $8,000 sanction against Lewis pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912 for continuing to pursue frivolous arguments on appeal. Lewis likewise asks this court to sanction the CIR.

We may impose sanctions if we determine an appeal is frivolous. Fed. R. App. P. 38; *see also Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). An appeal may be frivolous if it consists of "irrelevant and illogical arguments based on factual misrepresentations and false premises," *Lantec Inc. v. Novell, Inc.*, 306 F.3d 1003, 1031 n.14 (10th Cir. 2002) (internal citation omitted), or when "the result is obvious, or the appellant's arguments of error are wholly without merit." *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir.1984) (citations omitted). An appeal is not frivolous per se just because "the presentation of the issues in district court was bad enough to be sanctionable." *White v. General Motors Corp.*, 908 F.2d 669, 675 (10th Cir. 1990).

The CIR contends Lewis "has received multiple warnings that his arguments are frivolous, and he has disregarded them all." Aplee. Mot. for Sanctions at 6. In response, Lewis points to legal authority he believes supports his PRA arguments

and to the text of the statute he believes requires Form 1040 to bear an expiration date. Lewis distinguishes his appeal from those previously rejected by pointing out that he does not raise PRA arguments regarding the IRS instruction booklets or other regulations, making his claims distinct from those PRA arguments previously rejected by this court. In addition, the PRA was essentially re-written in 1995, and the two most extensive PRA decisions in this circuit were based on an outdated text of the statute.

In light of this uncertainty in our case law, we decline to impose sanctions against Lewis on appeal for raising these specific PRA challenges against Form 1040. Although we decline to impose sanctions on appeal, we find no abuse of discretion in the Tax Court's assessment of Lewis's dilatory conduct and arguments below.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the Tax Court's order. We DENY both Lewis's and the CIR's motion for sanctions on appeal.