T.C. Memo. 2008-233


UNITED STATES TAX COURT


CLIFTON K. WILLIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

SHERI A. WILLIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 7140-06, 7222-06.     Filed October 21, 2008.


Clifton K. Willis and Sheri A. Willis, pro sese.

<u>Christopher S. Kippes</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  These consolidated cases were submitted fully stipulated pursuant to Rule 122.  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of

Practice and Procedure. Petitioners failed to file returns for the taxable years 1999 through 2003. After the issuance of notices of deficiency and the filing of petitions, they filed income tax returns with respondent. The parties have agreed to the amounts shown on those returns and the resulting income tax deficiencies and additions to tax under section 6651(a)(1), along with related computational matters. Petitioners, however, contend that respondent is prohibited from assessing the additions to tax or any interest on the grounds that the assessment would contravene section 3512 of the Paperwork Reduction Act of 1995 (PRA), 44 U.S.C. sec. 3512 (2000). In particular, petitioners rest their contention upon their position that respondent has failed to comply with 44 U.S.C. sections 3506(c)(1)(B) (2000) and 3512.

Respondent disagrees, contending that he is in compliance with the PRA and that the additions to tax and interest may be assessed. Respondent also contends that this Court is without jurisdiction to consider whether respondent may assess interest,[1] irrespective of whether there was compliance with the PRA.

---

[1] Because we decide that there are no prohibitions on respondent, it is unnecessary to decide whether we have jurisdiction over the assessment of interest, as contended by respondent.

Congress enacted the PRA to limit, as much as practical, Federal agencies' information requests that burden the public. See Dole v. United Steelworkers of Am., 494 U.S. 26, 32-33 (1990). Congress designated the Office of Management and Budget (OMB) as an overseer of other agencies with respect to the act.

To the extent pertinent to these cases, the PRA was enacted with the express purposes of: (1) Minimizing the paperwork burden; (2) ensuring public benefit from information collected, maintained, used, shared and disseminated by or for the Federal Government; (3) coordinating and making uniform Federal information resources management policies and practices and (4) improving the responsibility and accountability of the OMB and all other Federal agencies to Congress and to the public for implementing the information collection review process, information resources management, and related policies and guidelines. See 44 U.S.C. sec. 3501 (2000).

In order to accomplish those goals, Congress provided detailed requirements for governmental organizations to follow. Petitioners contend that respondent failed to comply with the PRA in two ways.

First, petitioners argue that the PRA control number on the Form 1040, U.S. Individual Income Tax Return, was not valid. The "public protection" provision of 44 U.S.C. section 3512 provides public protection where there has been failure to comply with the

PRA, as follows:

> § 3512.  Public protection
>
>> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter [44 U.S.C. secs. 3501, et seq.] if––
>
> (1) the collection of information does not display a valid control number assigned by the Director in accordance with this subchapter [44 U.S.C. secs. 3501-3521]; or
> (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.
>
>> (b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto.

Each Form 1040 contains a control number, and the accompanying instructions inform taxpayers that they are not required to respond to the collection of information unless the form displays a valid control number.  Petitioners contend that respondent's Form 1040 for the years in question did not contain a valid control number.  Petitioners acknowledge that the Form 1040 does contain a control number (OMB No. 1545-0074), but they argue that the control number expires at the end of the taxable year displayed on the form.

Petitioners' reasoning is somewhat convoluted in that they argue, for example, that the Form 1040 has a control number for 1999, but that the control number expires on December 31, 1999, before the form is used in 2000 (typically on or before April 15,

2000) to report income for 1999. Under petitioners' interpretation, respondent would face the conundrum of never being able to have a valid control number, because the form must be prepared, printed, and distributed prior to filing time, which begins January 1st each year. Accordingly, we find petitioners' initial argument to be sophistry and without merit. The Forms 1040 contain a control number that has been provided and displayed in accord with the PRA.

In a recent opinion, the Court of Appeals for the Tenth Circuit decided that the Form 1040 is an information collection request and that it displays a valid control number, even though it is the same number each year, because the agency periodically updates the control number requirements. Lewis v. Commissioner, 523 F.3d 1272 (10th Cir. 2008), affg. T.C. Memo. 2007-44. The taxpayer in Lewis made the same and substantially similar arguments as petitioners have made in this case. The Court of Appeals in Lewis v. Commissioner, supra, also held that the PRA does not require an expiration date to be printed on the Form 1040 and that it need not include the PRA disclosures.

In further support of their argument, petitioners reference 44 U.S.C. section 3506(c)(1)(B), which requires that, in addition to displaying a control number, each governmental request for information indicates that it is in accordance with section 44 U.S.C. section 3507 (2000). Petitioners point out that the "3507

statement" does not appear on the Form 1040 or in the instructions for that form.

To the extent pertinent to this case, section 3506(c)(1)(B) of the PRA provides:

> (c) With respect to the collection of information and the control of paperwork, each agency shall--
>
> (1) establish a process within the office headed by the Chief Information Officer designated under subsection (a), that is sufficiently independent of program responsibility to evaluate fairly whether proposed collections of information should be approved under this subchapter [44 U.S.C. secs. 3501-3521], to--
>
> \*      \*      \*      \*      \*      \*
>
> (B) ensure that each information collection--
> (i) is inventoried, displays a control number and, if appropriate, an expiration date;
> (ii) indicates the collection is in accordance with the clearance requirements of section 3507 [44 U.S.C. sec. 3507]; and
> (iii) informs the person receiving the collection of information of--
>
> (I) the reasons the information is being collected;
>
> (II) the way such information is to be used;
>
> (III) an estimate, to the extent practicable, of the burden of the collection;
>
> (IV) whether responses to the collection of information are voluntary, required to obtain a benefit, or mandatory; and
>
> (V) the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number; \* \* \*

Petitioners contend that respondent failed to include the "3507 statement", which makes respondent's control number invalid and/or precludes respondent from assessing any penalty in accord with 44 U.S.C. sec. 3512. We are unable to make the same connection between section 3512 of the PRA and the above-quoted agency requirement in 44 U.S.C. section 3506(c)(1)(B). The protection clause of section 3512 of the PRA expressly provides that a taxpayer will not be subject to a penalty under two circumstances: (1) Where a valid control number is not displayed or (2) the agency fails to inform that taxpayers are not required to respond to the collection of information unless a valid control number is displayed. There is no question that respondent met those requirements in the Forms 1040 and accompanying instructions.

Failure to make the "3507 statement" is not one of the things that would prohibit assessment of a penalty under 44 U.S.C. section 3512. In addition, it is not clear that respondent failed to make the "3507 statement". Section 3506(c)(1)(B)(ii) of 44 U.S.C. provides that each agency must establish a process to ensure that each collection of information indicates that it is in accordance with the clearance requirements of 44 U.S.C. section 3507. By providing the control number and other information about the collection of information, respondent has made a statement that he is in compliance with 44

U.S.C. section 3507 (2000).  We do not think it necessary for respondent to expressly state the section number 3507 in order to comply with the statute.

Petitioners also referenced other requirements of 44 U.S.C. section 3506 that they believe were not complied with.  If, for purposes of discussion, we assume arguendo that respondent failed to comply with some requirement of the PRA (other than the two described above), that failure would not trigger the public protection provision of 44 U.S.C. section 3506(c)(1)(B) or prohibit respondent from assessing a penalty.  Section 3506 of 44 U.S.C. does not cross-reference 44 U.S.C. section 3512 and there is no indication in the statute or legislative history reflecting otherwise.  Failure to comply with 44 U.S.C. section 3506 may result in some regulatory action by OMB, but it does not result in the prohibition of the assessment of penalties.

Petitioners contend that a substantial body of case law supports their position that respondent may not assess the additions to tax and interest, but none of the cases advanced, either directly or by analogy, supports their position.  First, they point out that several Federal courts have held that the Form 1040 is subject to the PRA.  There is no doubt Form 1040 is subject to the PRA, and, indeed, respondent has obtained a control number and provided required information in the instructions for the form.

Petitioners then discuss, without reaching any conclusion, that various Courts of Appeals have differing views about whether the requirement to file a return is statutory, regulatory, or some combination thereof.[2]  That distinction takes on some importance because the collection of information by a government agency pursuant to statute is not subject to the requirements of the PRA.  It is only the collection pursuant to the agency's regulations that is subject to the PRA.

In a 1993 opinion, this Court held against taxpayers with substantially similar circumstances to petitioners here, using the following rationale:

> In general, the PRA requires Federal agencies requesting information from the public to obtain approval from the U.S. Office of Management and Budget (OMB) for all "information collection requests" and that an OMB control number be displayed on the information request.  44 U.S.C. sec. 3507(a)(3), (f) (1988).  If information requests fail to display the required OMB control numbers, "no person shall be subject to any penalty for failing to maintain or provide information to any agency".  44 U.S.C. sec. 3512.  Relying on this provision, petitioner argues that, because the regulations and instructions to which he would have referred had he filed tax returns did not contain OMB numbers, he cannot be penalized for failure to file.
>
> A number of courts have addressed petitioner's argument and have held that the PRA does not apply to

_____

[2] Petitioners spend a good deal of their brief arguing why they disagree with the Court statements made by a different Judge of this Court in an earlier hearing in their case.  Because that Judge did not issue an opinion, we feel no compulsion to address petitioners' arguments in this opinion.  The presentation of this case under Rule 122 is a de novo matter which we address in this opinion.

either Federal income tax regulations or to the instructions accompanying Federal tax forms because such documents are not information collection requests; rather, they are designed to help taxpayers complete tax forms and more easily comply with information collection requests. See <u>Salberg v. United States</u>, 969 F.2d 379 (7th Cir. 1992); <u>United States v. Holden</u>, 963 F.2d 1114 (8th Cir. 1992); <u>United States v. Dawes</u>, 951 F.2d 1189 (10th Cir. 1991); <u>United States v. Crocker</u>, 753 F. Supp. 1209 (D. Del. 1991); see also <u>Dole v. United Steelworkers</u>, 494 U.S. 26 (1990). Several Courts of Appeals have also rejected petitioner's argument on the grounds that the requirement to file tax returns is mandated by statute, not by regulation, and statutes are not subject to the PRA. See <u>Salberg v. United States</u>, <u>supra</u>; <u>United States v. Neff</u>, 954 F.2d 698 (11th Cir. 1992); <u>United States v. Hicks</u>, 947 F.2d 1356 (9th Cir. 1991); <u>United States v. Kerwin</u>, 945 F.2d 92 (5th Cir. 1991); <u>United States v. Wunder</u>, 919 F.2d 34 (6th Cir. 1990). This Court has found both analyses persuasive and, in any event, both lead us to the same result. Our research has not located, and the parties have not referred us to, any cases in which this Court has heard and accepted petitioner's arguments concerning the PRA. Because the cases in which this Court has heard and rejected such arguments are too numerous to cite, we cite the following as examples: <u>Aldrich v. Commissioner</u>, T.C. Memo. 1993-290; <u>McCart v. Commissioner</u>, T.C. Memo. 1993-96; <u>McDonald v. Commissioner</u>, T.C. Memo. 1992-586; <u>Pekrul v. Commissioner</u>, T.C. Memo. 1992-455, affd. without published opinion 993 F.2d 884 (9th Cir. 1993); <u>DiCarlo v. Commissioner</u>, T.C. Memo. 1992-280; <u>Ferguson v. Commissioner</u>, T.C. Memo. 1992-95, affd. without published opinion 995 F.2d 223 (5th Cir. 1993), cert. denied [510] U.S. [918] (1993); <u>Nulsen v. Commissioner</u>, T.C. Memo. 1991-495.

[<u>Freas v. Commissioner</u>, T.C. Memo. 1993-552.]

There is no need to further analyze the many nuances expressed in the numerous cases on this topic. Suffice it to note that none of them support petitioners' view that the control number expires and/or that failure to comply with a requirement

of 44 U.S.C. 3506 triggers the public protection provision (44 U.S.C. section 3512) and thereby prohibits respondent's assessment of penalties.[3]

Petitioners' final argument focuses upon section 7491(c) and whether respondent has met his burden of production with respect to the addition to tax and/or whether the burden of proof has been shifted to respondent.  Section 7491(c) places the burden of production on respondent with respect to penalties and additions to tax.  To the extent we understand petitioners' argument, they contend that respondent met his burden of production because petitioners failed to file returns, but that they have provided persuasive evidence that the Form 1040 is not in compliance with the PRA so that the burden of proof now rests with respondent.

The context of these cases is one where the parties agree on the facts and have submitted the cases fully stipulated solely to decide the legal controversy over whether the PRA applies to prohibit respondent from assessing the additions to tax and/or interest.  Under such circumstances, the burden of proof is of little or no consequence, because we decide, based on agreed

---

[3] Because we have decided that respondent is not prohibited from making an assessment in these cases, there is no need to consider whether 44 U.S.C. section 3512 would also prohibit the assessment of interest, as petitioners contend, or respondent's argument that we lack jurisdiction to consider matters regarding post assessment interest.

facts, a legal question.  Accordingly, we find it unnecessary to address petitioners' contentions with respect to section 7491(c).

To reflect the foregoing,

<u>Decisions will be entered in accord with the parties' stipulation</u>.