In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3811

MICHAEL SHAMROCK and VICTORIA BIGG,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeal from the United States Tax Court.
No. 028725-11 — **Carolyn P. Chiechi**, *Judge*.

SUBMITTED DECEMBER 13, 2016 — DECIDED MARCH 14, 2017

Before POSNER and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. After the Commissioner of Internal Revenue assessed tax deficiencies and penalties against Michael Shamrock and his wife Victoria Bigg, the couple filed a pro se petition in the Tax Court for review of the Commissioner's actions. Though not represented by a lawyer eligible to practice at this time before the Tax Court, the couple was assisted in its Tax Court proceeding by one Grant Niehus,

who was and is a lawyer, but at the time was not eligible to practice in Illinois.

On the basis of Niehus's advice, the couple stipulated that only half of the tax relief they sought was appropriate. But discovering that Niehus wasn't a member of the Illinois bar, they asked the court to set aside the stipulation. The court refused and entered judgment against the couple. They appealed, and we reversed and remanded because Niehus had indeed not been authorized to represent them, and we were concerned that he might not have been competent to advise them. We criticized the Tax Court for enforcing the stipulation without even considering Niehus's deceit, and vacated the court's opinion. But on remand (with the couple now represented by a CPA, Sheldon Drobny, who was authorized to practice before the Tax Court), the court after a hearing ruled in a 99-page opinion that the couple had not been prejudiced by Niehus's ineligibility to practice before it—that the advice he had given them had been valid—and so the court again dismissed the taxpayers' suit, precipitating this second appeal to us.

As the Commissioner of Internal Revnue argues and the Tax Court found on the second round, though Niehus was indeed not authorized to practice law in Illinois at the time of this proceeding, contrary to what he had told the taxpayers, he had provided "competent, valuable, diligent, and effective" assistance to them—indeed the court found they'd been "well represented by him." The taxpayers did not accuse him of malpractice, and we cannot see how they were prejudiced by his actions.

The dispositive principle is "no harm, no foul." Furthermore, as the Commissioner points out, given that there isn't

even any *right* to counsel in a Tax Court proceeding, in the circumstances of this case justice did not require that court to set aside the stipulation. Its judgment is

AFFIRMED.