**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOAN E. FARR, a/k/a Joan Heffington,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 18-9002
(CIR No. 002746-15)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Joan E. Farr appeals pro se from a Tax Court decision that sustained the

Commissioner's assessment of excise taxes. Exercising jurisdiction under 26 U.S.C.

§ 7482(a), we affirm.

### BACKGROUND

In 2015, the Commissioner issued Farr a notice of tax deficiency for engaging in

excess benefit transactions with her § 501(c)(3) organization, Association for Honest

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Attorneys (AHA).[1]  "The term 'excess benefit transaction' means any transaction in which an economic benefit is provided by an applicable tax-exempt organization directly or indirectly to or for the use of any disqualified person if the value of the economic benefit provided exceeds the value of the consideration (including the performance of services) received for providing such benefit."  26 U.S.C. § 4958(c)(1)(A).

As for the specific excess benefit transactions, the Commissioner determined that during 2010, 2011, and 2012, Farr used AHA's checking account to make personal purchases from various grocery, retail, automotive, and home-improvement stores, as well as to make tuition payments for her son and to cover the costs of exhuming her father's remains for DNA analysis.  Based on transactions totaling $39,495.34 over the three-year period, the Commissioner assessed a first-tier excise tax of $9,873.83 and a second-tier excise tax of $78,990.68.

Farr then disputed the assessments in Tax Court, arguing that the AHA funds she withdrew were used to further AHA's business purpose, to compensate her for services rendered to AHA, and to repay loans she made to AHA.  The Tax Court upheld the assessments, prompting Farr's appeal to this court.

## DISCUSSION

Excess benefit transactions are taxed in two tiers—first, at a rate of twenty-five percent, and second, at a rate of two-hundred percent if the first tier is not paid within the taxable period.  *See id.* § 4958(a)(1), (b).  These taxes apply to "disqualified person[s],"

---

[1] According to Farr, AHA "tries to discourage litigation, improve the legal system and seek 'justice for all.'"  Aplt. Opening Br. at 1.

2

meaning "any person who was, at any time during the 5-year period ending on the date of such transaction, in a position to exercise substantial influence over the affairs of the organization." *Id.* § 4958(f)(1)(A).

The Tax Court sustained the Commissioner's assessment of first- and second-tier excise taxes because Farr failed to submit any credible evidence showing that the economic benefits she derived from using AHA's funds were traceable to any consideration she provided AHA. Indeed, "an economic benefit shall not be treated as consideration for the performance of services unless such organization clearly indicated its intent to so treat such benefit." *Id.* § 4958(c)(1)(A).[2] We review the Tax Court's legal conclusions de novo and its factual findings for clear error. *Lewis v. Comm'r*, 523 F.3d 1272, 1274 (10th Cir. 2008).

On appeal, Farr advances no cogent argument with record support showing that the Tax Court erred in determining that she engaged in excess benefit transactions with AHA. Rather, she accuses the Tax Court and the Commissioner of, among other things, "engag[ing] in unethical acts and . . . conspiracy/collusion, fraud and intentional fraud, and tort of outrage." Aplt. Opening Br. at 10. Although we liberally construe a pro se

---

[2] In the Tax Court, Farr did not dispute that AHA was a tax-exempt organization, that she was a disqualified person, or that she had not corrected the first-tier tax deficiency in order to avoid the second-tier tax. Any attempt to do so now is waived. *See Tele-Commc'ns., Inc. v. Comm'r*, 104 F.3d 1229, 1232-33 (10th Cir. 1997) ("[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal." (brackets and internal quotation marks omitted)); *Mitchell v. Comm'r*, 775 F.3d 1243, 1248 n.3 (10th Cir. 2015) (noting that arguments forfeited before the Tax Court and unaccompanied on appeal by assertions of plain error are waived).

litigant's filings, we nevertheless require a pro se litigant to provide "succinct, clear and accurate" arguments, together "with citations to the authorities and parts of the record on which [she] relies." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). This, Farr has not done. It is not our role to "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840. Thus, her bald assertions of fraud/conspiracy are insufficient to invoke appellate review. *See id.* (holding that a pro se litigant forfeits appellate review by advancing arguments that are scurrilous instead of substantive).

To the extent Farr has complied with her briefing obligations by complaining that the Tax Court did not appoint counsel for her and would not let her plead the Fifth Amendment, we note that there is no "right to counsel in a Tax Court proceeding," *Shamrock v. Comm'r*, 860 F.3d 433, 434 (7th Cir. 2017) (emphasis omitted), and the privilege against self-incrimination "cannot [be] invoke[d] in a Tax Court case to satisfy [the taxpayer's] burden of proving that the government miscalculated h[er] tax deficiency," *Kosinski v. Comm'r*, 541 F.3d 671, 678 (6th Cir. 2008); *see also Anaya v. Comm'r*, 983 F.2d 186, 188 (10th Cir. 1993) ("[t]he taxpayer carries the burden of proving [that] the Commissioner's assessment is incorrect").

**CONCLUSION**

We affirm the decision of the Tax Court, and we grant Farr's motion for leave to proceed in forma pauperis.

Entered for the Court


Monroe G. McKay
Circuit Judge