**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 26, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ADAM STREGE,

    Plaintiff - Appellant,

v.

GMAIL-GOOGLE; NEWFOLD
DIGITAL, 80 Website Hosting Companies;
SPAM TITAN, Titanhq.com;
MICROSOFT CORPORATION;
LEXIS/NEXIS; PEOPLE ON TRILLION,
TRILLION, TRILLION, TRILLION,
TRILLION, TRILLION, TRILLION,
TRILLION, TRILLION, TRILLION
TIMES A TRILLION PLANETS; GOD
LOVES US; GOD HATES US AND GOD
LOVES COMPLETELY; AMAZON.COM
E-COMMERCE COMPANY; NIDEC
CORPORATION KATO ENGINEERING;
CHARTER COMMUNICATIONS
SPECTRUM INTERNET; CRAZY
COMPUTER HEWLETT PACKARD;
FEDERAL TRADE COMMISSION
CHAIR LINA M. KHAN, in her individual
and official capacity,

    Defendants - Appellees.

No. 24-2012
(D.C. No. 2:23-CV-00816-JB-GBW)
(D.N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Adam Strege, proceeding pro se,[1] appeals from the district court's order granting his motion to dismiss his case under Federal Rule of Civil Procedure 41(a)(2). Because Strege fails to explain why he believes the district court erred in dismissing the case at his own request, we dismiss this appeal as frivolous.

In September 2023, Strege filed a pro se complaint against Google, Microsoft, and others. A magistrate judge granted Strege leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) and screened the complaint, which consisted of rambling, incoherent allegations about "[g]od, email, semen, [COVID-19], nuclear missiles, [the] World Trade Center [c]ollapse, World War II[, the H]olocaust, and other topics." App. 26. Because the complaint was "largely unintelligible," the magistrate judge issued an order to cure, giving Strege an opportunity to explain the bases for his claims. *Id.* Strege filed an amended complaint the next day, before receipt of that order. He later objected to the order to cure and filed a second amended complaint, which remained largely unintelligible.

After reviewing the magistrate judge's order, the district court overruled Strege's objections and instructed him to file yet another amended complaint. In response, Strege filed a motion for clarification, noting that he had already submitted

---

[1] We construe Strege's pro se filings liberally, but we will not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

a second amended complaint and asking if he had permission to file a third. A few weeks later, before receiving a response from the district court, Strege filed a third amended complaint.

Strege then moved to dismiss the case because "[p]olice [we]re harassing [him] every time [he went] outside." *Id.* at 151. The district court granted the motion to dismiss, which it construed as a request for voluntary dismissal by court order under Rule 41(a)(2), and denied Strege's earlier motion for clarification. *See* Fed. R. Civ. P. 41(a)(2) (permitting plaintiff to request dismissal of action "by court order, on terms that the court considers proper"). The district court dismissed the case without prejudice.

Strege now appeals. But he fails to explain the basis for his appeal and presents no coherent argument on why the district court erred in dismissing the case at his own request. Instead, Strege merely repeats the indecipherable allegations contained in his district-court filings. Because his pro se appellate brief, even liberally construed, is "wholly inadequate to preserve issues for review," we conclude that Strege's appeal is frivolous. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008) ("An appeal may be frivolous if it consists of irrelevant and illogical arguments . . . , or when the result is obvious, or the appellant's arguments of error are wholly without merit." (quoting *Lewis v. Comm'r*, 523 F.3d 1272, 1277–78 (10th Cir. 2008))).

We therefore dismiss this appeal as frivolous. *See* § 1915(e)(2)(B)(i). We also deny Strege's lengthy and incoherent pending motions, and we remind Strege that he remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(a) (excusing only *prepayment* of appellate filing fees). As a final matter, we note that this is the third time we have dismissed one of Strege's appeals as frivolous. *See Strege v. Comm'r, SSA*, 848 Fed. App'x 368, 370 (10th Cir. 2021); *Strege v. Comm'r, SSA*, No. 21-1311, 2022 WL 500543, at *2 (10th Cir. Feb. 18, 2022) (unpublished). As we did in our most recent dismissal, we caution that Strege could become subject to filing restrictions in this court if he submits further frivolous filings. *See Strege*, 2022 WL 500543, at *2; *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007).

Entered for the Court

Nancy L. Moritz
Circuit Judge

4