**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMY C. CHISUM,

Defendant-Appellant.

No. 06-7082

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CR-05-43-001-RAW)**

---

Submitted on the briefs:[*]

Stephen J. Knorr, Tulsa, Oklahoma, for Defendant-Appellant.

Sheldon J. Sperling, United States Attorney, Robert G. Guthrie, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Jimmy C. Chisum appeals his conviction and sentence on four counts of tax evasion. He contends that the district court erred in admitting evidence of his lawsuits against tax-court judges and in applying a sentencing enhancement based on his role in the tax-evasion offenses. He also contends that he was not timely tried under the federal Speedy Trial Act, that the district court lacked subject-matter jurisdiction, that the federal Paperwork Reduction Act barred his prosecution, and that the indictment and evidence were insufficient. As explained below, we affirm Mr. Chisum's conviction, but we reverse and remand for resentencing.

## BACKGROUND

In April 2005 Mr. Chisum, a self-styled business and estate planner, was indicted for aiding and abetting the willful attempt to evade income taxes owed by Brian and Mitzi Chadsey for the calendar years 1997 through 2000. *See* 18 U.S.C. § 2; 26 U.S.C. § 7201. The government's theory of the case was "essentially that [Mr. Chisum] created a sham trust to attempt to conceal income [Brian] Chadsey earned from his business, Regional Chiropractic Health Care," a limited liability company. R., Vol. 1, Doc. 35 at 2-3 (Bill of Particulars). Upon being informed that Mr. Chisum wished to represent himself, the district court appointed attorney Stephen Knorr to assist him as standby counsel.

At trial the government introduced testimony to establish the following: Brian Chadsey met Mr. Chisum at one of Mr. Chisum's seminars on "business structure, limited liability companies and trusts." *Id.*, Vol. 4 at 123 (Chadsey testimony). They later entered into an arrangement in which Mr. Chadsey allocated 95% of the income from Regional Chiropractic to CSEA Cottage Limited, a trust established by Mr. Chisum "to take care of tax matters and anything else that was needed." *Id.* at 126. Mr. Chisum told Mr. Chadsey that taxes would have to be paid only on the money that Mr. Chadsey took from Regional Chiropractic as a salary and that the rest of the income "would end up in a non-controlled foreign corporation that was not taxable under U.S. tax law." *Id.* at 129. Mr. Chadsey did "[n]ot intimately" understand the details of how the income became nontaxable. *Id.* Mr. Chadsey followed Mr. Chisum's directions in filing tax returns for 1997 through 2000, underreporting Regional Chiropractic's income by about $207,000. In July 2000 the IRS began auditing Regional Chiropractic. In accordance with Mr. Chisum's advice, Mr. Chadsey filed amended income-tax returns for the years 1997 through 2000, reporting that Regional Chiropractic had no income.

In July 2001 Mr. Chisum appeared at an IRS office in response to a summons seeking Regional Chiropractic's records, but he refused to produce the requested books and records. Even after a judge ordered production of the

records, Mr. Chisum advised Mr. Chadsey that he could refuse to produce them. Eventually, Mr. Chadsey obtained counsel and began to cooperate with the IRS.

In its case-in-chief, the government also introduced into evidence several tax-court decisions from 1999 and 2000 holding that trusts created by Mr. Chisum were shams.

Mr. Chisum testified at trial that he did not intend to commit the crimes charged:

> Whether or not I've willfully evaded a known duty is the question before you. And it's my opinion, it was my belief through my own study, my own research, my own history that I never knew there was a duty. I thought, and still believe in my heart, that the income tax system in America is written to be a hundred percent compatible with the scripture, and that it has a very strong voluntary component to it.

R., Vol. 6 at 490. In rebuttal the government offered evidence of lawsuits filed by Mr. Chisum in 2002 against tax-court judges who had issued opinions declaring various Chisum trusts to be shams. The jury returned guilty verdicts against Mr. Chisum on all four counts in the indictment.

The probation department prepared a presentence report calculating a United States Sentencing Guidelines (U.S.S.G.) range of 78 to 97 months' imprisonment based on Mr. Chisum's category-one criminal history and offense level of 28. The government objected, seeking a two-level upward adjustment of the offense level under U.S.S.G. § 3B1.1(c), claiming that Mr. Chisum "was an organizer, leader, manager, or supervisor of Mr. Chadsey's (along with many

others) criminal activity." R., Vol. 8 (Feb. 26, 2006 letter to Supervising U.S. Probation Officer at 1). The probation department opposed the adjustment, stating that § 3B1.1(c) did not apply because "it does not appear that the other participants initially <u>intentionally</u> entered into any criminal activity with [Mr. Chisum]." *Id.* (Addendum to the Presentence Report at 1). At the sentencing hearing the government asserted that under § 3B1.1(c), "it's not necessary that there be another criminal participant [besides Mr. Chisum]. There just has to be criminal activity." *Id.*, Vol. 7 at 149.

The district court sustained the government's objection, ruling that § 3B1.1(c) was applicable:

> Mr. Chisum provided seminar participants with specific information and examples of how to set up trusts to protect their property, assets, and income from taxation. Mr. Brian Chadsey testified during the trial in this case that his own involvement in filing false income tax returns was due to the advice and direction of Mr. Chisum. Likewise, Mr. Chisum has provided the same or similar directions to many other persons, which resulted in the filing of income tax returns which did not . . . contain complete and truthful information regarding the legitimate taxes owed to the Internal Revenue Service. Mr. Chisum assisted individuals in setting up sham trusts to disguise or hide taxable income and acted as the trustee for many people, in addition to Brian Chadsey. He also acted as tax matters partner and interceded with the Internal Revenue Service on behalf of many of these people when their tax returns were questioned by the IRS. . . . [T]he Court finds by a preponderance of the evidence that Mr. Chisum was a leader and organizer of others in the criminal activity of tax evasion and filing of false income tax returns.

*Id.* at 152-53. Accordingly, the district court increased Mr. Chisum's offense level by two, which made the applicable sentencing range 97 to 121 months. The district court imposed a 97-month sentence.

Mr. Chisum appealed. We directed Mr. Knorr to file an appellate brief. Because Mr. Knorr thought that several issues pressed by his client were meritless, he raised them under *Anders v. State of Cal.*, 386 U.S. 738 (1967) (describing proper procedure for defense attorney raising meritless arguments pressed by client). In addition, he raised two non-*Anders* issues.

### DISCUSSION

#### I. Non-*Anders* Issues

#### A. Evidence of Mr. Chisum's Lawsuits

Mr. Chisum argues that he was extremely prejudiced by evidence of his lawsuits against tax judges. He asserts that the evidence portrayed him as a tax protester and that it added nothing relevant because the district court had already admitted the tax judges' opinions finding his trusts to be shams. "We review challenges to admissibility of evidence solely for abuse of discretion." *United States v. Reddeck*, 22 F.3d 1504, 1508 (10th Cir. 1994).

Under Federal Rule of Evidence 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

The intent requirement in criminal tax cases is particularly strict.  As the Supreme Court stated in *Cheek v. U.S.*, 498 U.S. 192, 201-02 (1991):

> Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . .  [I]f the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement.  But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. . . .  In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.

In light of this intent requirement, the district court did not abuse its discretion in admitting Mr. Chisum's prior complaints.  He had sued the tax judges for attempting to "put[ ] [him] out of business" by ruling that the income received by his trusts was taxable.  R., Vol. 1, Doc. 69, Ex. 82 (Am. Compl. at 4).  The lawsuits tended to show that he was not acting in good faith in continuing his scams.  In particular, Mr. Chadsey testified that he and Mr. Chisum had talked "about trusts that were ruled as shams.  But he always assured us that they weren't the same as the trust that he was using."  *Id.*, Vol. 4 at 223.  To rebut any

inference that Mr. Chisum believed in good faith that the arrangement with the Chadseys was distinguishable from the trusts upon which the tax court had ruled, the government was entitled to show Mr. Chisum's hostile attitude to the prior rulings. A jury could infer that he simply was unwilling to submit to what he knew were authoritative statements of the law. Moreover, we see little danger of unfair prejudice, given that the tax-court decisions had already been admitted as evidence without objection.

## B. § 3B1.1 Enhancement

Mr. Chisum argues that the district court erred in calculating his offense level under the sentencing guidelines by applying a sentencing enhancement based on his role as a leader and organizer of a criminal scheme. After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). "A sentence cannot . . . be considered reasonable if the manner in which it was determined was unreasonable, i.e., if it was based on an improper determination of the applicable Guidelines range." *Id*. at 1055. When considering a district court's application of the Guidelines, "we review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006).

U.S.S.G. § 3B1.1 provides:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

*(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.*

(emphasis added). "All of the roles defined by § 3B1.1 require the involvement of more than one participant. Although § 3B1.1(c) does not include the word 'participant' as subsections (a) and (b) do, the terms 'organizer,' 'leader,' 'manager,' and 'supervisor' used in subsection (c) suggest the presence of participants other than the defendant who were the defendant's underlings or subordinates." *United States v. Bauer*, 995 F.2d 182, 183-84 (10th Cir. 1993) (citations omitted). Under the Guidelines, "[a] 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, commentary (application note 1). *See United States v. Aptt*, 354 F.3d 1269, 1285 (10th Cir. 2004).

A district court "must make specific findings and advance a factual basis to support an enhancement under U.S.S.G. § 3B1.1." *United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996) (brackets and internal quotation marks omitted). Thus, the district court was required to find that Mr. Chisum organized, led, managed, or supervised at least one person who was criminally responsible. But

Mr. Chisum asserts, and we agree, that it did not do so. The district court appears to have adopted the government's view that a subsection (c) enhancement does not require the involvement of a participant.

On appeal the government contends that it is "obvious" that the district court believed that Mr. Chadsey was criminally responsible, intending to participate in the commission of Mr. Chisum's offenses. Aplee. Br. at 31. But we do not view the record as that clear. The evidence of Mr. Chadsey's guilt is not overwhelming. *See, e.g.*, R., Vol. 4 at 128 (Chadsey testimony that Mr. Chisum reassured him "[s]omewhere between ten and fifty" times that the tax arrangements were legitimate); *id.* at 239 (Chadsey testimony that he considered Mr. Chisum to be his tax advisor and greatly respected Mr. Chisum's advice); *id.* at 240 (Chadsey testimony that he believed "that the tax code said that what we had earned wasn't income"). And "even if the record overwhelmingly supports the enhancement, appellate fact-finding cannot substitute for the district court's duty to articulate clearly the reasons for the enhancement." *Ivy*, 83 F.3d at 1292 (internal quotation marks omitted). Consequently, this matter must be remanded for the entry of specific findings of fact regarding the criminal culpability of any coparticipants.

## II.  *Anders* Issues

### A.  Speedy Trial Act

Mr. Chisum argues that "the indictment should be dismissed based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161." Aplt. Br. at 24 (emphasis omitted).  He claims that the Act was violated because (1) the trial did not begin within 70 days of his initial appearance, and (2) the district court did not make factual findings excluding from the 70-day period the two-month continuance he requested and obtained.  But because Mr. Chisum failed to move for dismissal before trial, he has "waived his right to that remedy." *United States v. Gomez*, 67 F.3d 1515, 1520 (10th Cir. 1995).

### B.  Subject-Matter Jurisdiction

Mr. Chisum contends that the district court erred in denying his motions to dismiss for lack of jurisdiction.  He claims that the federal district court for the Eastern District of Oklahoma is "incapable of acting by Article III judicial powers within the State of Oklahoma's sovereign territory and without the federal zone." Aplt. Br. at 26-27.  Our review is de novo. *See Mires v. United States*, 466 F.3d 1208, 1209 (10th Cir. 2006).  We rejected this "hackneyed tax protester refrain" 17 years ago in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), and we do so again today.  The district court did not err in denying Mr. Chisum's motions to dismiss for lack of jurisdiction.

C.  The Paperwork Reduction Act (PRA)

The PRA, 44 U.S.C. §§ 3501-20, precludes the imposition of any penalty against a person for "failing to comply with a collection of information" if either (1) it "does not display a valid control number" or (2) the agency fails to alert the person that he or she "is not required to respond to the collection of information unless it displays a valid control number."  44 U.S.C. § 3512(a).  A § 3512(a) defense may be raised at any time.  *See id.* § 3512(b).  Tax forms are covered by the PRA.  *See Dole v. United Steelworkers of Am.*, 494 U.S. 26, 33 (1990).

Mr. Chisum contends that "[s]ince there was no proof that Form 1040 was a lawful form under the [PRA], the trial court erred in failing to grant [his] request [at the sentencing hearing] to dismiss the indictment."  Aplt. Br. at 29.  But the PRA protects a person only "for *failing* to file information.  It does not protect one who files information which is false."  *Collins*, 920 F.2d at 630 n.13 (internal quotation marks omitted).  The charges against Mr. Chisum were predicated on the filing of false information, not the failure to file.  He is therefore not entitled to relief.

D.  Sufficiency of the Evidence

In reviewing for sufficiency of the evidence, "our role is limited to determining whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom."  *United States v. Sells*, 477 F.3d 1226, 1235

(10th Cir. 2007) (internal quotation marks omitted).  Because Mr. Chisum did not

contest the sufficiency of the evidence below, we review for plain error.  *See*

*United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007).  Accordingly, he

"must show:  (1) an error, (2) that is plain, which means clear or obvious under

current law, and (3) that affects substantial rights.  If he satisfies these criteria,

this Court may exercise discretion to correct the error if it seriously affects the

fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal

quotation marks omitted).

   "To obtain a conviction for evasion, the government must prove three

elements:  1) the existence of a substantial tax liability, 2) willfulness, and 3) an

affirmative act constituting an evasion or attempted evasion of the tax."  *United*

*States v. Meek*, 998 F.2d 776, 779 (10th Cir. 1993).  Mr. Chisum argues "that

there was no evidence presented that the required process to determine an

assessment was followed in this case and thus no tax liability was proven at trial."

Aplt. Br. at 30.  But "certified transcripts"—what the IRS calls "Certificate[s] of

Assessments"—were admitted at trial, R., Vol. 4 at 96, 97, and are sufficient to

establish the propriety of tax assessments in the absence of conflicting evidence,

*see March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003) (observing that

"Certificates of Assessments and Payments on Form 4340" constitute

"presumptive proof of a valid assessment" (internal quotation marks omitted));

*United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981) (recognizing the

presumption in a tax-evasion case).  Mr. Chisum offered nothing to contradict the information in those transcripts.  There appears to have been sufficient evidence of the existence of a tax liability.  Thus, the district court did not plainly err in refusing to dismiss the indictment for insufficient evidence.

### E.  Sufficiency of the Indictment

The federal tax-evasion statute proscribes attempts to evade "any tax imposed *by this title*."  26 U.S.C. § 7201 (emphasis added).  Mr. Chisum argues that the district court erred in denying his postverdict motion to dismiss the indictment for omitting "what part of Title 26 imposed the tax that was being evaded or defeated."  Aplt. Br. at 31.  "[W]e review indictments liberally when they are challenged for the first time after a verdict."  *United States v. Avery*, 295 F.3d 1158, 1176 (10th Cir. 2002); *see* Fed. R. Cr. P. 12(b)(3)(B).

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).  The indictment alleged that Mr. Chisum violated 26 U.S.C. § 7201 (tax evasion) and 18 U.S.C. § 2 (principal liability) by

> willfully attempt[ing] to evade and defeat individual income taxes due and owing by [the Chadseys] . . . for the calendar year [1997, 1998, 1999, or 2000 in the four counts] by committing various affirmative acts of evasion, including causing to be prepared false income tax returns, utilizing trusts, concealing assets and income by

maintaining bank accounts and off shore accounts in nominee names, and by attempting to obstruct the [IRS] during an audit of Brian F. Chadsey and Mitzi P. Chadsey.

R., Doc. 1 at 1, 2, 3. These allegations contain the elements of tax evasion, *see Meek*, 998 F.2d at 779, provide sufficient notice of the charges, and are drawn with sufficient specificity to foreclose further prosecution on the same charges. The mere omission of the specific statutory authority for the Chadseys' tax liability does not render the indictment insufficient. *Cf. United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992) (indictment for failure to file income-tax returns that cited the penalizing statutes held sufficient even though it failed to cite the statute that requires the filing of a tax return).

## CONCLUSION

We affirm Mr. Chisum's conviction, but we reverse his sentence and remand for further proceedings regarding a § 3B1.1(c) enhancement. We also deny as moot Mr. Knorr's motion to withdraw and Mr. Chisum's motions to remove Mr. Knorr as counsel and to proceed pro se. Finally, we treat Mr. Chisum's motions to amend the opening brief and to nullify *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), as submissions under Fed. R. App. P. 28(j), seeking to call our attention to *Cunningham v. California*, 127 S. Ct. 856 (2007). Mr. Chisum will have the opportunity to argue *Cunningham*'s applicability on remand.