

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2008

# In Re: Albert Leo Be

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"In Re: Albert Leo Be " (2008). *2008 Decisions.* Paper 1457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1573
_____

IN RE:  ALBERT LEO BERRETTINI, JR.
and MARY ANN BERRETTINI,
Petitioners
_____

Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to MD/PA Criminal No. 07-cr-00422)
_____

Submitted Under Rule 21, Fed. R. App. P.
February 29, 2008

Before:  RENDELL, AMBRO and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Filed: March 11, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

         Albert Leo Berrettini Jr., and Mary Ann Berrettini, currently representing

themselves in federal court against tax-related criminal charges, have filed a petition for a

writ of mandamus.  The Berrittinis have not clearly identified the relief they seek.  As

best we can tell, they want this Court to direct the District Court to adjudicate the

government's motion for a psychiatric and/or psychological examination, to reconsider its rejection of certain "Demands" and "Affidavits," and to dismiss the charges for lack of jurisdiction. For the reasons set forth below, we conclude that mandamus relief is not warranted.

Issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Its main purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify the Court's use of this remedy, a petitioner must demonstrate that he has a "clear and indisputable" right to the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).

The Berrettinis have not shown a "clear and indisputable right" to the writ. To the extent that the Berrettinis seek an order directing the District Court to adjudicate the government's pending motion for a psychiatric and/or psychological examination, there clearly has not been a delay that rises to the level of a denial of due process. See Madden v. Myers, 102 F.3d 74, 79 (3rd Cir. 1996). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise

2

jurisdiction, id., the manner in which a court controls its docket is discretionary. See In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Here, the government filed its motion on February 14, 2008, the Berrettinis submitted a brief in opposition on February 25, 2008, and a reply brief is due by March 13, 2008. These circumstances do not constitute undue delay.

The Berrettinis also emphasize that several of their "Demands" and "Affidavits" were deemed withdrawn for failure to file supporting briefs and, alternatively, denied on the merits by the District Court. Importantly, however, the Berrettinis have not demonstrated that review of the District Court's determinations will be unavailable on direct appeal.

Finally, the Berrettinis appear to seek an order directing the District Court to dismiss the charges for lack of jurisdiction, or to at least require the government to show cause why the case should not be dismissed for lack of subject matter jurisdiction. "When a mandamus petitioner challenges a district court's subject-matter jurisdiction . . . our issuance of the writ has traditionally been reserved to 'restrain[ing] jurisdictional excesses, particularly when a lower court has acted without authority to do so.'" In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quoting In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990) (citation omitted)). Thus, mandamus relief is justified "only if the petitioners show that the district court's lack of subject matter jurisdiction is 'clear and indisputable' and that no other adequate means exists to attain relief." In re Sch.

3

Asbestos Litig., 921 F.2d at 1314. The Berrettinis contend that the District Court lacks federal jurisdiction over them because they are not "federal 'taxpayers' as defined in the Federal Tax Code." This type of "hackneyed tax protester refrain[]" is patently incorrect. United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007).

For the foregoing reasons, we will deny the mandamus petition.