**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL RODRIGUEZ-CHAVEZ,

Defendant - Appellant.

No. 07-3156

D. Kan.

(D.C. No. 06-CR-10225-WEB)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Joel Rodriguez-Chavez was convicted of knowingly making false statements to a court in a motion to vacate, set aside or correct sentence under 28

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2255. He appeals from his conviction, arguing the indictment is ambiguous and the government presented insufficient evidence of his guilt. We affirm.

## I. BACKGROUND

In October 2003, Rodriguez-Chavez was indicted in federal court with illegal reentry after deportation. Assistant Federal Public Defender (AFPD) Steven Gradert was appointed to represent him. Gradert met with Rodriguez-Chavez twice: first, to briefly discuss with him the outlines of a proposed plea agreement from the government; and second, to explain in detail the elements of the offense, any potential defenses, the chances of a favorable outcome at trial, and the potential sentencing ramifications, including the amount of time he was facing due to his prior convictions. While Gradert recommended he enter into a plea agreement, Rodriguez-Chavez declined.

Due to Gradert's busy trial schedule, AFPD Timothy Henry took over the case for him. Henry discovered Rodriguez-Chavez's guideline range might be lower than previously expected and advised Rodriguez-Chavez. Henry negotiated a conditional plea agreement with the government which would allow Rodriguez-Chavez to plead guilty while preserving his right to appeal certain sentencing issues. Henry reviewed the plea agreement with Rodriguez-Chavez who agreed to it.

At the change of plea hearing, Rodriguez-Chavez informed the court he had sufficient time to discuss the case with Henry and was satisfied with his representation. He also stated he understood the charges, the rights he was forfeiting by pleading guilty, the sentencing guidelines and the plea agreement. He further assured the court it was his decision to plead guilty. Based on these representations, the court accepted his guilty plea. Rodriguez-Chavez also signed under oath a Petition to Plead Guilty which reiterated he was satisfied with his counsel's assistance, was pleading guilty because he was guilty and was doing so freely and voluntarily. The court sentenced Rodriguez-Chavez to 51 months imprisonment. We affirmed. *United States v. Rodriguez-Chavez*, 153 Fed. Appx. 524 (10th Cir. 2005).

On August 14, 2006, Rodriguez-Chavez filed a motion to vacate, set aside or correct sentence in the district court under 28 U.S.C. § 2255 challenging his illegal reentry conviction and sentence. "Ground One" stated "INEFFECTIVE ASSISTANCE OF COUNSEL" with the following as supporting facts: "COUNSEL NEVER SPOKE TO MOVANT CONCERNING THE INSTANT OFFENSE AND MADE MOVANT SIGN HIS PLEA AGREEMENT INVOLUNTAIRLY [sic.] COUNSEL RESIGNED FROM REPRESENTING MOVANT [BEFORE] SIGNING OF PLEA." (R. App. at 25-26.) The following pre-printed declaration appeared at the end of the motion: "I declare under

penalty of perjury that the foregoing is true and correct." (*Id.* at 26.) Rodriguez-Chavez signed his name under this provision. The district court ultimately denied Rodriguez-Chavez's § 2255 motion.

On October 17, 2006, based on the statements in his § 2255 motion claiming his counsel never spoke to him concerning the offense and made him sign a plea agreement involuntarily, the government indicted Rodriguez-Chavez with knowingly making false statements to a court (perjury) in violation of 18 U.S.C. § 1623(a). He waived his right to a jury trial and proceeded to a bench trial. After a one-day trial, the district court found Rodriguez-Chavez guilty. The court sentenced him to 46 months imprisonment, to run consecutive to his illegal reentry sentence.

## II. DISCUSSION

Rodriquez-Chavez appeals from his perjury conviction, complaining there was insufficient evidence supporting the district court's guilty verdict.[1]

"In reviewing for sufficiency of the evidence, our role is limited to determining whether a reasonable jury could find guilt beyond a reasonable doubt,

---

[1] While not expressly identified as an issue in his opening brief, Rodriguez-Chavez also argues the indictment is ambiguous. Because he did not raise this argument in a pretrial motion with the district court and because he is not claiming the indictment failed to invoke the court's jurisdiction or to state an offense, he has waived the issue. *See* Fed. R. Crim. P. 12(b)(3)(B),(e); *see also United States v. Coppola*, 526 F.2d 764, 772 (10th Cir. 1975) ("Objections based on defects in the indictment, other than those attacking jurisdiction or alleging that the indictment fails to charge an offense, are to be made prior to trial; otherwise, they are waived.").

based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (quotations omitted), *cert. denied*, 128 S.Ct. 1290 (2008). As he concedes, Rodriguez-Chavez failed to file a motion for judgment of acquittal, either at the close of the government's case or at the close of all the evidence. Therefore, we review for plain error. *United States v. Goode*, 483 F.3d 676, 681 n.1 (10th Cir. 2007). Under this standard, Rodriguez-Chavez must "show there was (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Duran*, 133 F.3d 1324, 1330 (10th Cir. 1998) (quotations omitted).

"To prove perjury, the government must establish beyond a reasonable doubt that: (1) the defendant made a declaration under oath before a federal court; (2) such declaration was false; (3) the defendant knew the declaration was false; and (4) the declaration was material." *United States v. Durham*, 139 F.3d 1325, 1331 (10th Cir. 1998). Rodriguez-Chavez challenges only the second and third elements.

A. Falsity of Declarations

Rodriguez-Chavez argues the government presented insufficient evidence

showing the statements in his § 2255 motion were false. He asserts the statements were not false but merely misleading because they failed to identify which counsel never spoke to him about the offense and which plea agreement he was forced to sign. We disagree.

The district court concluded the counsel referred to in the § 2255 motion was Gradert. This is a reasonable inference. Both the § 2255 motion and Rodriguez-Chavez's brief in support refer to the "counsel who never spoke to [him] concerning the instant offense" as the counsel who resigned from representing him. Gradert is the only counsel who resigned. In any event, whether the motion was referring to Gradert or Henry is immaterial. Both attorneys testified they spoke with Rodriguez-Chavez concerning the offense and Rodriguez-Chavez himself testified Henry spoke with him about the offense and he was pleased with Henry's representation. While Rodriguez-Chavez testified Gradert never discussed the offense with him, the district court found his testimony was not credible and apparently chose to believe Gradert instead. We will not second guess the court's credibility determinations. *United States v. Youngpeter*, 986 F.2d 349, 352-53 (10th Cir. 1993) ("An appellate court may not decide the credibility of witnesses as that is the exclusive task of the fact trier . . . . [When there is conflicting testimony,] [i]t is for the [trier of fact] to decide which witnesses to believe and which not. Once the [trier of fact] has spoken,

this court may not reweigh the credibility of the witnesses.").[2]

Similarly, it is immaterial which plea agreement is being referred to in the § 2255 motion. There were only two plea agreements in this case: the proposed plea agreement negotiated by Gradert and the modified proposed plea agreement negotiated by Henry. Both attorneys testified they did not force or coerce Rodriguez-Chavez into signing either agreement. In fact, Rodriguez-Chavez did not sign the proposed agreement negotiated by Gradert. And, there is no indication he was forced to sign the modified proposed agreement negotiated by Henry. Indeed, such finding would be directly contrary to Rodriguez-Chavez's own statements made under oath at the change of plea hearing and in his Petition to Plead Guilty that it was *his* decision to plead guilty, he was satisfied with Henry's assistance, he was pleading guilty because he was guilty and he was doing so freely and voluntarily.

There is more than sufficient evidence demonstrating Rodriguez-Chavez's statements in his § 2255 motion were false.

---

[2] Rodriguez-Chavez suggests the counsel referred to in the § 2255 motion was AFPD John Henderson, who represented Rodriguez-Chavez at his initial appearance. There is absolutely no support for this argument. Only Gradert and Henry were listed as Rodriguez-Chavez's attorneys in the § 2255 motion; Henderson was not mentioned. Henderson was never appointed to represent Rodriguez-Chavez nor was he involved in any plea negotiations; he only appeared at the initial appearance because Gradert was not available. This argument also contradicts Rodriguez-Chavez's representations to the district court. Before trial, in his opening statement, defense counsel stated Rodriguez-Chavez's § 2255 motion "was directed serially and only toward Steven Gradert." (R. Supp. App. at 38.)

B.  Knowledge of Falsity

The evidence shows Rodriguez-Chavez knew the statements contained within the § 2255 motion were false.  Both Gradert and Henry testified they discussed the case with Rodriguez-Chavez and neither forced him to sign the plea agreement.  Because he participated in these discussions and voluntarily signed the plea agreement, he obviously knew the statements were false.  *See United States v. Chapin*, 515 F.2d 1274, 1284 (D.C. Cir. 1975) (stating a defendant's knowledge of the falsity of statements may be inferred from "proof of the objective falsity itself . . . and from other facts tending to show that the defendant really knew the things he claimed not to know or recall") (quotations omitted).  Rodriguez-Chavez does not contest this.  Rather, he claims the evidence is insufficient to show he knew the § 2255 motion contained these false statements.

The government did not offer direct evidence that Rodriguez-Chavez knew what the § 2255 motion said.  Nevertheless, it presented sufficient circumstantial evidence.  *See United States v. Larranaga*, 787 F.2d 489, 495 (10th Cir. 1986) (concluding the knowledge element of perjury may be inferred from the surrounding circumstances); *see also United States v. Nguyen*, 413 F.3d 1170, 1175 (10th Cir. 2005) ("'Intent' may be proven via circumstantial evidence; in fact, it is rarely established by other means.").  Per the government's request and without objection, the district court took judicial notice of Rodriguez-Chavez's

§ 2255 proceedings, including the § 2255 motion. The § 2255 motion is typewritten but bears Rodriguez-Chavez's signature declaring the information in the motion is true and correct. Rodriguez-Chavez admitted he signed the motion. A reasonable inference from this evidence is Rodriguez-Chavez knew what the motion said, in particular, that it contained false statements.

Not surprisingly, Rodriguez-Chavez testified he did not know what the § 2255 motion said. He claimed another inmate completed the motion in English and he did not tell the inmate what to put in the motion. He also stated he can only read a "very little bit" of English. (R. App. at 78.) The inmate told him the § 2255 motion would help reduce his sentence. Because he was desperate, he signed the motion without knowing what it said. The district court found this testimony was not credible for a number of reasons.

First, Rodriguez-Chavez lived in the United States for over twenty years. The court found it "highly improbable that a relatively young person such as the defendant could spend that much time in this country without being able to speak and understand enough spoken English to communicate at a basic level — including at a level sufficient to communicate the two statements at issue in the § 2255 motion." (R. App. at 31.) Second, Rodriguez-Chavez had worked various jobs in the United States and had an extensive exposure to its criminal justice system. This background made it "all the more improbable" he had only a

minimal understanding of English. (*Id.*) Third, Rodriguez-Chavez had previously sent two letters in English to the court. While there was no evidence he wrote the letters, they contained numerous details he obviously provided the writer. These letters, along with the relative ease at which an inmate in the federal system can locate another inmate who speaks both Spanish and English, gave the court "no doubt" Rodriguez-Chavez was able to communicate with the inmate who wrote the § 2255 motion and Rodriguez-Chavez was the source of the information for the motion. (*Id.* at 32.) Finally, Rodriguez-Chavez gave contradictory testimony concerning whether he provided the inmate information to place in the motion. While he testified he did not tell the inmate what to put in the motion and the inmate knew what to put in the motion by accessing computer records of his case, he also admitted he gave the inmate information about the case, including that one of his attorneys did not spend enough time on his case.[3] We see no reason to

---

[3] The district court also found Rodriguez-Chavez testified he told the other inmate his plea was "pressured." (R. App. at 28.) The transcript of Rodriguez-Chavez's testimony does not bear this out. However, Rodriguez-Chavez did waffle on the amount of information he provided the inmate, initially denying he provided any information to the inmate but later admitting on cross examination he told the inmate one of his attorneys did not spend enough time on his case.

disturb the court's well-supported credibility determination. *See Youngpeter*, 986

F.2d at 352-53.

**AFFIRMED.**

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge