**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALLEN D. GOOD,

Defendant-Appellant.

No. 07-6256
(D.C. No. 5:06-CR-00070-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**,
Senior Circuit Judge.

Allen D. Good appeals his convictions on three counts of making materially

false statements concerning aircraft parts and one count of conspiracy, in

violation of 18 U.S.C. §§ 38(a)(1)(C) and 38(a)(3). Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Title 18, § 38(a)(1) makes unlawful knowingly material false representations of fact concerning aircraft parts, when made or used with the intent to defraud, and in or affecting interstate commerce. Section 38(a)(3) of Title 18 makes unlawful a conspiracy to commit an offense described in paragraph (1). Good was charged in a superceding indictment with making false representations in aircraft engine log books concerning parts that he installed in aircraft engines that were later sold to customers by his co-defendant, Robert Parker. Good and Parker were tried together and both were convicted of the same four counts under § 38(a), including three substantive counts and one conspiracy count.[1] This court affirmed Parker's convictions in *United States v. Parker*, ___ F.3d ___, 2009 WL 50435 (10th Cir. Jan. 9, 2009).

According to the evidence presented at trial, Good was employed as a mechanic by Good Aviation in Washington, Oklahoma. He did not hold an airframe and powerplant (A&P) certificate from the Federal Aviation Administration, which would have authorized him to perform work on aircraft engines and sign engine log books. But he was permitted to work on aircraft engines under the supervision of an A&P mechanic. During the time period from January 1, 2000, through December 31, 2002–the period of the alleged

---

[1] Parker was also convicted of mail fraud in violation of 18 U.S.C. § 1341.

conspiracy–Parker engaged Good Aviation to overhaul numerous aircraft engines and Good worked on most of Parker's engines. Parker and Good each provided some of the parts used by Good. Most of the engines were of a type appropriate for installation on home-built aircraft and all of the engines were ultimately purchased from Parker for that purpose.

Good provided Parker with log books that included representations about the work that was done and the parts used in the overhauled engines. The evidence supported inferences that Good wrote many of the log book entries and that he sometimes forged the name and number of an A&P mechanic in a log book. At other times, an A&P mechanic signed a log book based on representations from Good about the work that he performed. The engine log books typically stated that new parts had been installed and that the engines were in a condition for safe operation. But witnesses testified at the trial about serious mechanical problems found in the engines purchased from Parker. Testimony indicated that parts represented as new in the log books were actually not new, and in some cases were rusted, corroded, or cracked. Several of the engines contained parts that were marked "not airworthy" or "airboat use only." Mechanics who inspected or tore down the engines testified that they were not safe for operation. Several of the purchasers testified that they had experienced engine failure while in flight.

The jury found Good guilty on counts two, three, and four of making false statements concerning aircraft parts, as well as on count one, the conspiracy charge. The district court sentenced him to fifty-one months in prison, followed by three years of supervised release. Good filed a timely appeal.

## *Discussion*

Good makes two contentions on appeal: (1) the district court erred in admitting evidence of his prior bad acts, in violation of his rights to due process and a fundamentally fair trial; and (2) the evidence adduced at trial was insufficient to sustain his convictions. We review the district court's evidentiary rulings for an abuse of discretion. *See United States v. Chisum*, 502 F.3d 1237, 1241 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1290 (2008). We review sufficiency of the evidence claims de novo. *United States v. Green*, 435 F.3d 1265, 1272 (10th Cir. 2006).

## *Evidence of Prior Bad Acts*

Good argues that the district court erred in admitting the testimony of five witnesses regarding his prior bad acts. Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." But such evidence may be admissible for other purposes enumerated in the rule. *See id.* Good contends that the testimony of these five witnesses was used for the improper purpose of proving that he acted in conformity with his character, that it was cumulative, and

that the trial court failed to determine whether the probative value of the evidence was substantially outweighed by its potential for unfair prejudice.

The five witnesses whose testimony Good objected to at trial included Raymond Brown and Sabina Pryce-Jones, who testified regarding engines they purchased from Parker. Douglas Monforton testified about assisting another person, Ken Peters, in purchasing an engine from Parker. And Herman Vollrath and Monty Barrett, both aircraft mechanics, testified about tearing down the Brown engine, and the Pryce-Jones and Monforton/Peters engines, respectively. As to each of these witnesses, Good cited Rule 404(b) as the basis for his objection. The district court overruled the objections, but gave limiting instructions requested by the defendants regarding the testimony of Brown, Vollrath, and Pryce-Jones. The district court cautioned the jury that they could only consider the testimony of these witnesses in determining the defendants' motive or opportunity to commit the charged offenses, their state of mind or intent if they committed the acts charged in the indictment, and whether they acted in accordance with a plan or in preparation for the commission of the offenses charged. Good did not request limiting instructions regarding the Monforton or Barrett testimony and none were given.

### *Evidence of Engines Purchased Within*
### *the Alleged Conspiracy Time Frame*

The government argues that evidence regarding the Brown engine did not implicate Rule 404(b) because Brown testified that he purchased his engine within the time period of the alleged conspiracy, in April 2001. That engine came with a log book from Good Aviation dated in February 2001. Vollrath testified about tearing down the Brown engine and finding numerous defective parts. He concluded that, contrary to the representation in the log book, the engine was not in a condition for safe operation.

We held in *Parker* that Rule 404(b) was inapplicable to testimony regarding the Brown engine and two other engines purchased within the time period of the alleged conspiracy because that testimony did not constitute evidence of other acts, extrinsic to the crime charged. *See* ___ F.3d at ___, 2009 WL 50435, at *2-*3 (quoting *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997) ("It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. . . .")). We concluded that the testimony regarding the Brown engine provided direct proof of Parker's involvement in the crimes charged, rather than some other crime. *Id.* at *3. Thus, evidence regarding the Brown engine was intrinsic to the crime and substantiated the criminal conspiracy, and was therefore not subject to exclusion under Rule 404(b). *Id.* Our holding in *Parker* is controlling in this case.

### *Evidence of Engines Purchased Outside*
### *the Alleged Conspiracy Time Frame*

Good asserts that the district court erred in failing to exclude, under Rule 404(b), the testimony regarding the Pryce-Jones and Monforton/Peters engines. The government does not dispute that these engines were purchased from Parker prior to the time frame of the alleged conspiracy. But the government argues that Rule 404(b) is again inapplicable here because these witnesses only testified regarding prior bad acts *by Parker*.[2] Good nevertheless argues that the evidence should have been excluded under Fed. R. Evid. 403 because its probative value was substantially outweighed by its potential for unfair prejudice to him. Because he did not object to the testimony on this basis at trial,[3] we review for plain error. *See United States v. Garcia*, 994 F.2d 1499, 1507 (10th Cir. 1993) (reviewing claim under Rule 403 for plain error where defendant objected only to relevancy at trial). In order to establish plain error, Good

> must show: (1) an error, (2) that is plain, which means clear or
> obvious under current law, and (3) that affects substantial rights. If
> he satisfies these criteria, this Court may exercise discretion to

---

[2]  Pryce-Jones testified that Allen Good had nothing to do with the engine she purchased from Parker. Monforton testified that he had no knowledge that Allen Good did any work on the Monforton/Peters engine, and that Larry Good, Allen's father, admitted to Monforton that he had done the overhaul.

[3]  Good objected to the Monforton and Barrett testimony only under Rule 404(b). He objected to Pryce-Jones's testimony under Rule 404(b), on cumulative grounds, and as irrelevant "because it just has nothing to do with [Good]." Trial Tr., Vol. II at 351.

correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Chisum*, 502 F.3d at 1244 (quotation omitted).

In *Parker* we held that evidence regarding the Pryce-Jones and Monforton/Peters engines was admitted under Rule 404(b) for a proper purpose–to show Parker's intent and knowledge–and that it was not unduly prejudicial to Parker. ___ F.3d at ___, 2009 WL 50435, at *4. Good asserts, however, that the same evidence was unduly prejudicial to him. In *United States v. Jenkins*, 904 F.2d 549, 555-56 (10th Cir. 1990), we considered whether testimony regarding a co-defendant's prior bad acts, that was properly admitted against that co-defendant under Rule 404(b), was nonetheless improperly admitted against Jenkins. We rejected the defendant's claim that the probative value of the evidence was substantially outweighed by the possibility of unfair prejudice to him, based upon the limiting instructions given by the trial court, which cautioned the jury not to consider the testimony in relation to the charges against Jenkins. *See id.*

Good did not request such a limiting instruction regarding the evidence related to the Pryce-Jones and Monforton/Peters engines, nor does he argue on appeal that the trial court's failure to give one was error. And although he cites the standard under Rule 403, he fails to make any argument why the evidence of Parker's prior bad acts was unduly prejudicial to him, much less demonstrate an

obvious error that affects substantial rights, as required by the plain error standard. In fact, the evidence of Parker's prior bad acts lent support to Good's defense at trial, in which he pointed the finger at Parker.[4] We conclude that the district court's admission of the Pryce-Jones, Monforton, and Barrett testimony, as against Good, was not plain error.

### *Sufficiency of the Evidence*

When reviewing a sufficiency-of-the-evidence claim "we ask only whether taking the evidence together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Green*, 435 F.3d at 1272 (quotation and ellipsis omitted).

Good argues first that there was insufficient evidence to support his conspiracy conviction. While he correctly recites the standard of review applicable to this issue in his appeal brief, as well as the elements necessary to prove the existence of a conspiracy, he makes no argument with respect to what particular evidence was lacking in support of his conviction. And although he has provided this court with the complete transcript of the proceedings, he "does

---

[4]     In his closing argument, Good's counsel questioned how Good would have benefitted from doing defective work on the engines. He asserted instead that Good delivered engines to Parker that were consistent with the log books, but that someone else (presumably Parker), took the data plates off of those engines and put them on defective engines, which Parker then sold along with the log books.

not cite to, discuss, or address his arguments to any specific [part of the record]." *United States v. Kimler*, 335 F.3d 1132, 1138 (10th Cir. 2003). Good misunderstands his burden, as an appellant challenging the sufficiency of the evidence, not only to present the evidence to us, but also to explain why it was inadequate. *See Whittington v. Nordam Group Inc.*, 429 F.3d 986, 992 (10th Cir. 2005). This court has no duty to search through the record to find support for his argument. *See Kimler*, 335 F.3d at 1138. Nonetheless, we have reviewed the record and the parties' briefs and conclude that there was evidence sufficient to permit a reasonable jury to convict Good on the conspiracy count.

Good also argues that the evidence was insufficient to support his convictions on counts two, three, and four, which charged him with making false representations concerning aircraft parts in violation of 18 U.S.C. § 38(a)(1)(C) in relation to three specific engines. Parker raised the same issue in his appeal, and after reviewing the statutory elements for conviction under § 38(a)(1)(C) and the evidence presented at trial, we concluded that sufficient evidence supported Parker's convictions on counts two through four. *Parker*, ___ F.3d at ___, 2009 WL 50435, at *5-*7.

Good does not assert that there was insufficient evidence to support any of the statutory elements for conviction under § 38(a)(1)(C), namely that (1) he made or used a false writing; (2) he knew the writing contained a false statement or entry at the time he made or used it; (3) he made or used the false writing with

-10-

the intent to defraud; (4) the false writing was material; and (5) the false writing concerned aircraft parts in or affecting interstate commerce. *See* R., Doc. 88, Jury Instr. No. 21. He contends instead that, in order to find him guilty on these three counts, the jury was required to find "that the false writing, entry, certification, document, or record related to the aviation quality of aircraft parts that were installed in an aircraft." *Id.*; *see also* 18 U.S.C. § 38(b)(1). Because Good did not raise this issue in his motion for acquittal, it is subject to plain error review. *See Kimler*, 335 F.3d at 1140-41 (reviewing for plain error where Fed. R. Crim. P. 29 motion raised a different issue).

In *Parker* we considered and rejected Good's argument that a false statement related to "aviation quality" is an essential element of the underlying crime of violating § 38(a)(1)(C). *See* ___ F.3d at ___, 2009 WL 50435, at *5 n.5. As we explained in *Parker*, *see id.*, the aviation quality issue pertains only to a statutory sentencing enhancement in the separate penalty provision of the statute, which provides for a greater fine and longer term of imprisonment "[i]f the offense relates to the aviation quality of a part and the part is installed in an aircraft," § 38(b)(1); *cf.* 18 U.S.C. § 38(b)(4) (defining penalty where "aviation quality" or other enumerated circumstances are not met). Because Good challenges only the sufficiency of the evidence in support of his convictions, we do not address whether the evidence at trial was sufficient to support this statutory sentencing enhancement.

### *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge