**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

COREY HELTON,

    Defendant-Appellant.

No. 09-7016

(D.C. Nos. 6:09-CV-00034-RAW and
6:07-CR-00063-RAW-1)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Corey Helton, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Helton

has failed to satisfy the standards for the issuance of a COA, we deny his request

and dismiss the matter.

I

In October 2007, Helton was charged by information with a single count of

possession with intent to distribute and distribution of methamphetamine, in

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Shortly thereafter, Helton pled guilty to the charge alleged in the information. On January 30, 2008, the district court sentenced Helton to a term of imprisonment of seventy-eight months, to be followed by a forty-eight month term of supervised release. Judgment was entered in the case on February 4, 2008. Helton did not file a direct appeal.

On January 28, 2009, Helton, appearing pro se, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The motion alleged four grounds for relief: (1) "[t]he Federal Government lacked federal legislative, territorial, or admiralty jurisdiction of law in support," ROA, Vol. 2 at 6; (2) "[t]he Federal Government's charging instruments [we]re fatally defective," id.; (3) "[t]he Federal Government failed to establish federal Interstate Commerce Nexus," id.; and (4) "Title 18 or Title 21 are 'Unconstitutional' causing imprisonment to be false," id. at 7. In support of these claims, Helton submitted a rambling, twenty-four page memorandum alleging, in sum, that Congress lacked authority to make what he called "common law offense[s]," including drug-related offenses, a violation of federal law. Id. at 15. Such offenses, Helton alleged, are the subject of exclusive state jurisdiction. "Therefore," Helton argued, the "judgement [sic] and commitment documents" in his case "are invalid," and his "imprisonment resulting from the same is false." Id. at 24.

On February 10, 2009, the district court issued a two-page order denying Helton's § 2255 motion. In doing so, the district court noted that although Helton

2

was "convicted of a drug offense," his "arguments [we]re essentially what the Tenth Circuit ha[d] rejected as the 'hackneyed tax protester refrain.'" Id. at 46 (quoting United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007)). The district court in turn concluded that Helton's arguments were "'completely lacking in legal merit and patently frivolous.'" Id. at 47 (quoting Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990)).

Helton filed a timely notice of appeal, and has now filed a request for COA with this court.

II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make this showing, Helton must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Moreover, "because [Helton] seeks to proceed [in forma pauperis] in this appeal, he must demonstrate that he is financially unable to pay the requisite fees, and that there exists a reasoned, nonfrivolous argument on the law and facts in support of the issue[] raised on appeal." United

3

States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) (internal quotation marks omitted).

After carefully examining Helton's appellate pleadings and the record on appeal, we readily conclude that Helton has failed to establish his entitlement to a COA. Contrary to the assertions contained in Helton's district court and appellate pleadings, "[e]ven activity that is purely intrastate in character may be regulated by Congress, where the activity, combined with like conduct by others similarly situated, affects commerce among the States or with foreign nations." Fry v. United States, 421 U.S. 542, 547 (1975). Drug trafficking constitutes precisely such an activity. See United States v. Janus Indus., 48 F.3d 1548, 1556 (10th Cir. 1995). That is why "Congress frequently has relied upon the Commerce Clause as authority for the enactment of statutes regulating drug trafficking, and courts have consistently upheld congressional regulation of the class of intrastate drug activities." Id. (citations omitted). Furthermore, we specifically have held that § 841(a)(1), the statute under which Helton was convicted, falls "within Congress' power to regulate interstate commerce." United States v. Price, 265 F.3d 1097, 1107 (10th Cir. 2001). In light of these principles, we conclude that reasonable jurists simply could not debate whether Helton's § 2255 motion should have been resolved in a different manner.

The application for COA is DENIED and the matter is DISMISSED.

Helton's motion for leave to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge