FILED
United States Court of Appeals
Tenth Circuit

September 1, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 09-7034 |
| v. | (E.D. Oklahoma) |
| JIMMY C. CHISUM, | (D.C. Nos. 6:08-CV-00342-RAW and 6:05-CR-00043-RAW-1) |
| Defendant - Appellant. | |

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Jimmy Clayton Chisum was convicted on four counts of willful attempt to evade income taxes. *See* 26 U.S.C. § 7201. On appeal we affirmed his conviction, but reversed and remanded his sentence of 97 months' imprisonment. *See United States v. Chisum*, 502 F.3d 1237 (10th Cir. 2007). The district court then imposed a sentence of 66 months' imprisonment, which he did not appeal. He did, however, file a motion for relief under 28 U.S.C. § 2255 attacking his new sentence and raising a multitude of additional challenges to his underlying conviction. The district court denied the motion and Mr. Chisum now seeks a certificate of appealability (COA) from us to challenge that ruling. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to pursue appeal of denial of § 2255 motion).

Because a reasonable jurist could not debate the correctness of the district court's decision, we deny a COA and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the motion was denied on procedural grounds, the movant faces a double hurdle. Not only must he make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*

Mr. Chisum's § 2255 motion is a meandering one. Reading it liberally, *see United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006), we discern the following challenges (which we group as Mr. Chisum did): (1) his indictment was insufficient because (a) it failed to allege specific tax deficiencies owed, (b) it failed to allege a jurisdictional nexus for federal taxation, (c) were it to be brought again, it would now be beyond the statute of limitations, and (d) it "fails to name and identify a complaining party which is injured in any way," R., Vol. I at 53, because neither the United States nor the Internal Revenue Service has federal taxing authority; (2) he is not subject to the federal tax code because he is

neither a "person" nor a "taxpayer" under the code, *id.* at 41, and there was insufficient evidence that Congress passed a statute specifically taxing his labor or property; (3) he was entitled to acquittal under *Cheek v. United States*, 498 U.S. 192 (1991), because his beliefs regarding the tax code are sincere; and (4) the district court committed some 30 Sixth Amendment violations by allowing facts neither stated in the indictment, nor proved to the jury, to support an enhancement to his sentence. Mr. Chisum also asserts that he failed to raise some of these challenges in his direct appeal because of ineffective assistance of appellate counsel.

We need not address the merits of several of Mr. Chisum's contentions because they were resolved on his previous appeal. *See Chisum*, 502 F.3d at 1244–45 (indictment was sufficient because it provided fair notice of the charges, and did not need to state specific statutory authority for the underlying tax liability); *id.* at 1241–42, 1244 (evidence of guilt was sufficient). These issues cannot be raised again in a § 2255 motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Mr. Chisum's remaining challenges are totally without merit. In particular, his appellate counsel was not ineffective because "[i]f [an] omitted issue is without merit, [appellate] counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (internal quotation marks omitted).

Finally, Mr. Chisum raises in this court numerous issues beyond those in his § 2255 motion, ranging from a "[d]ue process right to examine the jury list, and challenge the makeup of grand jury [which] was denied in the secret indictment process," to an "Article 1 Section 10 Clause 1 right to contract denied interfered and destroyed in unconstitutional acts from bench."  Aplt. Br. at 4. Because of his failure to raise these issues in district court, we will not address them here.  *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

No reasonable jurist could debate whether Mr. Chisum is entitled to relief. Accordingly, we DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge